1838.

Hosack
v.
Rogers.

---

HOSACK and BLUNT, executors, &c. *vs.* ROGERS and others.

Where the court for the correction of errors modified a decree, after the remittitur had been delivered to the solicitor of the appellant, but before it was actually received and acted upon by the court of chancery, the modification of the decree was deemed a recall of the remittitur, and the same was ordered to be taken from the files and returned to the clerk of the court of errors, to be amended according to the decree as finally settled by that court.

A remittitur from the court for the correction of errors must in all cases be presented to the chancellor before it is filed, and the order to be entered upon it must be entered under the special direction of the court.

March 6. THIS was an application to vacate an order entered in the office of the assistant register, upon remittiturs from the court for the correction of errors, and to take such remittiturs off the files of this court. The cause had been heard in the court for the correction of errors upon cross appeals from an interlocutory order of the chancellor, made upon an appeal by the defendant N. Rogers from a decision of the vice chancellor of the first circuit ; upon which hearing the appellate court modified the order of the chancellor, and directed their decree to be remitted to the court of chancery. After the remittiturs had been made out and delivered to the solicitor of N. Rogers, but before they had been received and filed in the court of chancery, the appellate court, upon an ex parte application of the complainants' counsel, made a slight modification of their decree as previously settled in that court ; and the chancellor thereupon made an order to stay the filing of the remittiturs as originally made out by the clerk of the court for the correction of errors. Before this order could be served upon the solicitor of N. Rogers, in the city of New-York, and before he had any information as to the alteration made in the decree of the appellate court, he filed the original remittiturs

with the assistant register at New-York and entered an order of course thereon, remitting the proceedings to the vice chancellor, so that the decree of the court for the correction of errors could be carried into effect.

*S. Stevens*, for the complainants.

*A. C. Paige*, for the defendant N. Rogers.

The CHANCELLOR. The court for the correction of errors having in fact modified or altered their decree, while the remititurs were *in transitu* and before they had been actually received and acted upon by this court, the appellate court had not lost its jurisdiction of the cause. And although no blame rests upon the solicitor of Rogers for filing such remittiturs before he had notice of the subsequent act of the appellate court, the modification of the decree by that court must be considered as a recall of the remititturs as made out by the clerk. They must therefore be taken off the files of this court and returned to him, so that they may be amended by inserting therein the decree of the appellate court as finally settled. And when the corrected remittiturs are brought into this court they must be presented to the chancellor, so that a proper order may be made thereon to carry into effect the decree of the appellate court ; and that this court may make the necessary order for the purpose of giving to the complainants an opportunity to serve their papers and to give notice of a motion for further directions as to the custody of the fund, in case it shall be found to be unsafe, as contemplated by the amendment of the decree, if the complainants shall think proper to make such an application. In the meantime, and until the decree of the appellate court, as finally settled there, is remitted by the clerk in the usual form, all proceedings by either party founded upon the original remittiturs, or in relation to the subject matter of the appeals to the court for the correction of errors, are to be stayed before the vice chancellor ; and the order remitting the proceedings to him is to be suspended.

The practice upon a remititur from the court for the correction of errors does not appear to be settled either in this court or in the supreme court; but in that which has most generally been adopted the practice of the two courts appears to be different. In the supreme court, as I understand from the judges and some of the officers of that court, the usual practice is to file the remittitur in the clerk's office, and to enter a common order thereon under the 64th rule of that court; which rule is substantially the same as the 46th rule of the court of chancery. And it is not usual to bring the case to the actual notice of the court, unless there is something in the judgment of the appellate court which cannot be carried into effect under a common order, and which therefore requires the action of the justices of the supreme court, either at the general or special term of that court. Even there, however, the practice has not been uniform; as some practitioners are in the habit of applying to the court in all cases for a special order, upon the remittitur, to carry into effect the judgment of the court for the correction of errors. The usual practice in the court of chancery, so far as I have been able to understand the same, has been to apply to the chancellor ex parte for a special order, upon the remittitur, to carry into effect the decree or order of the appellate court, although it was a mere decree of affirmance or reversal which required no special directions of the chancellor to carry it into effect. But the practice in this court has not been uniform, as some solicitors, particularly in the city of New-York, have been in the habit of filing the remittitur with the proper officer, and entering an order of course thereon, under the 46th rule of this court, to make the decree of the appellate court a decree of this court, and to carry the same into effect here.

There does not appear to be any good reason why the practice in the two courts should be different, although this court is always open and the regular terms of the supreme court are only held quarterly; as I presume, as a matter of form, the judgment is entered upon the record of the supreme court as of some regular term thereof subsequent to the decision in the court for the correction of errors; and a

court for hearing special motions is now held monthly. The better practice appears to be, and that practice must be considered as the settled practice of the court of chancery for the future, to require the party to whom the remittitur from the appellate court has been delivered, to present it to the chancellor previous to its being filed ; to enable him to see whether any thing special is required which entitles the adverse party to be heard before the order of the appellate court can be fully complied with, so that the proper order may be entered on such remittitur, under the special direction of the court. But to prevent any unnecessary delay where the chancellor is required by the decree of the appellate court to give special directions, as to which both parties have a right to be heard, the party to whom the remittitur is delivered, instead of making an ex parte application in the first instance, may give notice to the adverse party for some regular motion day, either in term or vacation, that he will file the remittitur and ask for such order or decree thereon as he may think himself entitled to, or as the court may deem necessary and proper to carry into effect the decree or order of the court for the correction of errors.

As the solicitor for N. Rogers was not informed of the subsequent amendments of the decree by the court, after the remittiturs had been delivered to him by the clerk, and had therefore no reason to suppose that the filing of such remittiturs would be irregular, and as the practice proper to be pursued in such a case was not then settled, there is no ground for charging the defendant with the costs of this application. But the complainants' costs upon the motion are to be taxed as a part of their costs in the cause, if they succeed in obtaining a decree which entitles them to their general costs, either payable out of the fund in the hands of the executor of Gracie or otherwise.