## COURT OF APPEALS, APRIL TERM, 1848.

CHRISTIAN J. BURCKLE et al., Exr's., &c., Plff's in error, vs. STEPHEN
. LUCE, Deft in error.

This court on error will award double costs to a prevailing party, sued in the court below as
a public officer for an act done by him by virtue of his office. (2 R. S. 617, § 24.)

It has jurisdiction of a cause, brought therein, until the remittitur is *filed* with the clerk of
the court below.

This cause was decided by this court at the last January term, in favor
of the Defendant in error, and the judgment of the Supreme Court af-
firmed, and the usual order entered for a remittitur, and the De-
fendant in error being about to move for double costs in this court, it
was stipulated by and between the attorneys, for the respective parties
to admit and agree upon the following facts for the purpose of such
motion, viz: .

"The Defendant, Luce, was a deputy sheriff of the county of Oswego,
from the first of January 1840, until after the commencement of this
suit; and on the 8th day of January, 1840, a *fieri facias*, returnable
that month, was delivered to him on a judgment in the Supreme Court,
in favor of Philander Rathbun vs. Christian J. Burckle, above named,
for $632.85. On the same day the Defendant levied upon certain pro-
perty in the possession of said Burckle; thereupon Charlotte Seits, the
mother-in-law of said Burckle, brought replevin against the Defendant
for the goods thus levied on, and the goods were delivered to her by
virtue of that writ. That action was tried, and a verdict found for the
Defendant, which was set aside and a new trial ordered. Before another
trial was had, and on the 11th day of February, 1842, Mrs. Seits, the
Plaintiff in that action, died, having first made her will and appointed
the Plaintiffs in this suit her executors.

In July or August following, the Defendant re-possessed himself of
the goods on which he had previously levied, which had been taken
from him by the former writ of replevin, and claimed to hold them by
virtue of that levy.

The Plaintiffs thereupon brought this second action of replevin for this
second taking of the goods by the Defendant, they claiming that such
second taking was unauthorized, even though Mrs. Seits had no title to
the goods when the first action of replevin was brought, on the ground,
that by the first writ of replevin and taking of the property under it,
the title to the property became absolutely vested in Mrs. Seits, and at her
death went to the Plaintiffs as her executors, notwithstanding the former

suit abated by her death; on which ground the Plaintiffs at the first trial in the Supreme Court at the circuit, obtained a verdict, by the direction of the Circuit Judge, which verdict was set aside by the Supreme Court, and a new trial ordered. On such second trial the merits of the cause were tried, and the question, whether the sale of the goods levied on, from said Burckle to Mrs. Seits, was fraudulent and void as against creditors, was submitted to the jury, who found a verdict for the Defendant. A judgment was thereupon rendered against the Plaintiffs who brought error to this court.

After the determination of this cause in this court in January instant, the remittitur was sent by the clerk of the Court of Appeals to the Defendants' attorneys, at their place of residence in Oswego, in whose possession it has ever since remained, and now is; and no further step or proceeding has been had in the cause.

The remittitur was sent to the Defendants' attorneys without any request from them to that effect.

While this cause was pending in the Supreme Court, a motion was made by the Defendant for double costs, which motion was granted, and double costs awarded to the Defendant; and it is admitted that this case comes within the provisions of the statutes allowing double costs to a public officer sued for any act done by him by virtue of his office, (2 R. S. 617, § 24,) that is, that the facts of the case are such as to bring it within those statutes, provided the cause were in the same court in which it was originally commenced.

The only questions intended to be raised in opposition to the motion are,—

1st. Whether this court has not lost jurisdiction and all power to award double costs by having entered the order for the remittitur, and the remittitur having been sent out as aforesaid.

2d. Whether a Plaintiff in error under any circumstances is liable to pay double costs on a writ of error brought by him, or whether a Defendant in error is entitled to double costs on a writ of error.

Dated *January* 25, 1848.                    (Signed.)

N. HILL, JR., *for motion.*

J. E. CAREY, *opposed.*

The Court, JEWETT, Chief Judge—Decided, that it was a proper case for double costs, and that the remittitur never having been filed in the court below, this court has jurisdiction of the cause, and ordered that on the Defendant in error returning the remittitur to the clerk of this court, the motion for costs be granted, and the judgment be corrected so as to allow costs according to the notice of motion, without costs of this motion.