## SUPREME COURT.

FLOYD BAILEY and CHARLES H. SOUTHARD agt. PETER V. Z. LANE and others.

A defence of *usury* will be stricken out of an answer, on motion, as *sham*, where the plaintiff alleges that the trifle of interest taken over seven per cent was so taken through mistake, stating the circumstances in reference to it, and the defendant fails to show a state of facts which would constitute any agreement to take more than lawful interest.

A verbal agreement by the plaintiff, to renew a note on which the action is brought, contradicts the note, and is not available as a defence.

An *accommodation indorsement* is as valid as any, where the parties for whom it was made have received full value, according to the intention of the indorser.

Since the decision in *People* agt. *McCumber* (18 *N. Y. R.*) the objection that a notice of motion to strike out several answers as frivolous, and also as sham, without specifying which is moved as sham and which as frivolous, cannot prevail.

*New York Special Term, July,* 1861.

MOTION by plaintiffs to strike out several answers as frivolous and sham.

CRARY & ELMORE, *for plaintiffs.*

S. T. FREEMAN, *for defendants.*

LEONARD, Justice. The objection that the motion is noticed to strike out several answers as frivolous, and

also as sham, without specifying which answer is moved as sham, and which as frivolous, cannot prevail since the decision in the *People*, &c. agt. *McCumber*, in 18 *N. Y. R.*

It is the better practice to state in the notice on what ground the party applies.

There are two defences interposed by Lane & Guild. The first is usury.

The usury is alleged to consist in taking $61.44 for the interest on a loan of $5,000, for sixty days. The sum reserved for interest appears to be a trifle over seven per cent per annum.

The plaintiffs swear that nothing was said about interest when the loan was made, and if more than seven per cent has been taken it was done by mistake.

The answer is not frivolous; it was sufficient to require a trial, and the defendants would there hold the affirmative, and must produce evidence to sustain their defence.

The plaintiffs now undertake, in advance of the trial, to prove a negative. · They offer the details of the transaction about the loan, and show that nothing was said about interest, and that the small sum taken in excess of interest occurred by mistake in computation, if at all.

This amounts to a charge that the defendants are availing themselves of the forms of law to obstruct the plaintiffs in obtaining their rights, and that, by those forms, a trial is demanded of an issue which has no real existence.

The defendants were called on by the affidavits of the plaintiffs to show the details which establish the alleged conclusion of usury, and that the sum taken by plaintiffs, in excess of the lawful interest, did not occur by mistake.

The defendants have come forward and made their statement of the details; but they make no denial that the occurrence was by mistake, and they wholly fail to state any facts which would constitute any agreement to take more than lawful interest. They reiterate the conclusion, that the plaintiffs did take usury, but the details which, in their

opinion, will justify them in making such a statement under oath, are wholly wanting.

The defence of usury is, therefore, stricken out as sham.

The second defence sets forth an agreement by the plaintiffs to renew the note upon which the action is brought. Such an agreement is wholly inconsistent with the terms of the note.

This issue is, therefore, wholly irrelevant, and must be stricken out under § 152 of the Code. (*Fleury* agt. *Roget*, 5 *Sandf. S. C. R.*, 646.)

The answer of Robert Lane, the indorser, contains the same defence as those above mentioned, and also a denial, for the want of knowledge or information sufficient to form a belief, of demand of payment of the note from the makers at maturity, and of due notice of non-payment, and also a denial that he indorsed the note to the plaintiffs for value.

Those defences, which are identical with the answer of the makers of the note, of course have the same result, and are stricken out.

The denial that the note was indorsed for value is also irrelevant. An accommodation indorsement is as valid as any, where the parties for whom it was made have received full value, according to the intention of the indorser.

The affidavits of the notary and his clerk prove the demand of payment and refusal, and the deposit of notice thereof in the post-office in this city, postage pre-paid, properly directed to the indorser. Nothing is stated by the indorser to cast the faintest shadow on the truth of this evidence.

He swears that he put in his answer in good faith, and that it is true to the best of his knowledge and belief, but he omits to give a single fact that warrants his belief.

I think that the defendant is bound to show some facts to induce the court to believe that he may, possibly at least, have some evidence to offer at the trial to sustain his defence, or that he has some grounds to believe that the

plaintiffs' proof will fail to sustain their case, before the court can be invoked to permit a trial on his issues, when the plaintiffs show, by affidavits, that their right to a recovery is complete, and that there are no facts existing which can, by any possibility, sustain the defence.

The motion is granted, with costs.