## De Stafford v. Gartley.

1. Practice in Attachment — Variance in Amount Between Affidavit, Complaint and Bond Amendable. — In a proceeding by attachment under the statute against a defendant for the recovery of treble damages for maliciously injuring the plaintiff's cattle and driving them from their usual range, a motion to dissolve the attachment on the ground that the writ was improperly issued for reasons appearing on the face of the papers was properly denied on compliance by the plaintiff with the court's order to execute a bond corresponding in amount with that claimed in the complaint and named in the writ of attachment, $1,500, although the affidavit stated the *actual* amount of damages alleged to have been sustained, $500.

It would likewise have been regular to have directed an amendment of the affidavit.

2. WAIVER OF DEFECTS IN AFFIDAVIT.— Where the statements of the affidavit are regularly traversed by the defendant without the court's attention being called to its supposed defects, and the issues are found against him upon the trial; or if the amount of actual damage proved by the plaintiff be less than the amount averred in the affidavit, the judgment will not be reversed on such grounds.

*Appeal from District Court of Douglas County.*

Mr. WM. DILLON, for appellant.

Messrs. J. W. FARWELL and J. A. BENTLEY, for appellee.

RICHMOND, C. ·This action was brought in the district court of Douglas county to recover damages for wilful and malicious injury of appellee's cattle, and also for the unlawful, forcible, wilful and malicious driving of certain neat cattle of appellee from their usual range by appellant. By the complaint the plaintiff charges the defendant with several distinct offenses of malicious injury, whereby he claims that he has been actually damaged to the extent of $500, and prays judgment for the sum of $1,500. June 29, 1886, plaintiff sued out a writ of attachment, and, in support of the issuance of said attachment filed an affidavit, which, omitting the formal parts, is in words and figures as follows: "The plaintiff above named, Edward T. Gartley, of said county, being duly sworn, doth depose and say that he is the plaintiff, and that the above-named Edward De Stafford, against whom said plaintiff, Edward T. Gartley, is about to sue out an attachment, is indebted to him in a sum of money, to wit, the sum of $500, and that such demand is due and is just, and that said defendant conceals himself so that process of law cannot be served on him, and that said defendant is guilty of unlawfully, wilfully and maliciously injuring several of plaintiff's animals, and affiant knows of the defendant having shot two cows and one heifer, and driven them from their usual range, to the great

VOL. 15 — 3

vexation, trouble and damage of affiant, mentally and pecuniary, and said animals being then and there affiant's property." In connection with this plaintiff filed an attachment bond in the penal sum of $1,500. Thereafter defendant moved to dissolve the attachment upon the ground that the writ was improperly issued, for reasons appearing on the face of the papers and proceedings in the action. Motion was heard in chambers, and on the 10th day of September, 1886, the judge made an order directing the plaintiff to file a bond, conditioned according to law, in the sum of $3,000, being double the amount named in the said attachment writ, and, upon failure to file said bond within ten days, the levy under such writ should stand discharged and released, and the said writ thereupon be returned in accordance with this order. In addition to the motion to dissolve, defendant filed an affidavit traversing the allegation of the plaintiff's affidavit, wherein it is alleged that he concealed himself so that process of law could not be served upon him. Thereafter, on the 5th day of January, 1887, at a special term of said court in said county of Douglas, the motion to discharge the attachment in the action was renewed, which motion was denied. From the abstract of record we learn that at the hearing of the motion to dissolve the attachment it was not claimed or suggested by defendant or his attorney that the writ of attachment could not legally issue in the cause; but, when the jury was called to try the issues joined by the complaint, answer and replication herein, counsel for defendant demanded that the issues joined by affidavit for attachment and traverse thereof should be first tried. Whereupon the court suggested that a trial of the main issues of the case would necessarily determine the issue raised by said affidavit of traverse; and with this the attorneys for defendant said they were content. None of the evidence is embraced in the abstract or transcript. The appeal is from the order of the court, which, under the above arrangement, was entered at the rendition of judgment, refusing to dissolve the attachment; and the

only error relied upon or discussed by appellant is that the plaintiff's affidavit for the attachment was insufficient.

Section 223, chapter 25, General Statutes, 1883, provides as follows: "If any person shall wilfully and maliciously kill, cripple or injure any horse, mare or gelding, or any bull, cow, steer, heifer or calf, or any mule or sheep, by poisoning or other means, or shall maliciously run down or drive from its usual range any animal above mentioned, or shall maliciously scatter or drive from their usual range any flock or herd of sheep or any herd or band of neat cattle, horses or mules, or any of the animals above mentioned, * * * such person so offending shall be deemed guilty of a misde-meanor." Section 224 provides: "Every person guilty of an offense above herein mentioned shall in all cases be liable to any party injured thereby in three times the amount of the actual injury done by the commission of such offense, whether the offender be convicted on any criminal prosecu-tion or not; and the person or persons instituting such proceeding shall have the right to proceed by attachment." Subdivision 4, section 92, Code Civil Procedure, provides for an attachment when "the defendant conceals him-self * * * so that process of law cannot be served upon him." From the foregoing it will be observed that the attachment writ in this case was issued upon an affi-davit embracing the grounds enumerated in section 223, General Statutes, and subdivision 4, section 92, Code. The contention of appellant is that the affidavit only avers an indebtedness of $500, whereas the attachment writ is issued for the sum of $1,500; and he cites section 96, Code Civil Procedure, wherein it is provided that "the writ shall be directed to the sheriff of any county in which property of such defendant may be, and require him to serve a copy of the writ on the defendant, and to attach and safely keep all the property of such defendant within his county not exempt from execution, or so much thereof as may be suffi-cient to satisfy the plaintiff's demand, the amount of which shall be stated in conformity with the affidavit." It appears

that the writ of attachment was in excess of the amount specified in the affidavit, but equal to the amount claimed by plaintiff in his complaint. The appellee insists that the motion to dissolve is in general terms, and does not point out a single reason in support thereof. From the record in the case it would appear that the principal reason urged upon the hearing of the motion was the insufficiency of the bond; it not being for double the amount of the sum claimed, and for which the writ was issued. This insufficiency, however, was subsequently overcome by a compliance with the order of the court. For the purposes of this case it is admitted that the attachment could legally issue under the provisions of section 223; and it is fair to assume that, had the discrepancy in the amount mentioned in the affidavit and writ been called to the attention of the court below or appellee, appellee would, by permission of the court, have so amended the affidavit as to meet the objection here urged upon our attention. The court observed the defect in the bond, and gave permission, under the statute, to amend. The affidavit, under the code, could have been amended as well as the bond. *Freeborn v. Glazer*, 10 Cal. 337. The affidavit set out the actual damages supposed to have been suffered, which the court, after proof made and verdict returned, could have tripled, under the statute, in rendering the final judgment; and, while it might have been in better form to have averred in the affidavit a liability to the extent of $1,500, it cannot be said that the error in thus omitting the amount claimed by plaintiff under the statute affected the substantial rights of the parties. The issue between the parties was precisely such as it would have been if the affidavit had contained a direct allegation of an indebtedness to the extent of $1,500. Where the defendant appears and denies the allegations of a defective affidavit, and tries it as if it were legal in its terms, and goes into a trial of the issue, made by himself, as to the ground of the attachment, thereby getting all the benefit that he could have had if the affidavit had been in strict

conformity to law, and the result of the trial be adverse to him, he cannot obtain a reversal of the judgment because of the defect in the affidavit. *Ryon v. Bean's Adm'r*, 2 Metc. (Ky.) 137; Drake, Attachm. § 112.

Besides the foregoing objection, appellant now relies, also, upon the fact that the sum specified in the affidavit as the actual damage eventually proved to be excessive; but this is no reason why the attachment should have been dissolved, or a reversal should now take place. The action arose out of alleged malicious injury to stock by shooting and otherwise, and malicious injury by driving stock from its usual range. For obvious reasons, it might be impossible to estimate in advance, correctly, the extent of such injuries. Plaintiff could not in the present action be held responsible for an honest error in computing the approximate damages suffered. It does not necessarily follow, however, that, if a creditor knowingly and wilfully overstates the amount of his claim in the attachment affidavit, for the purpose of procuring an excessive levy, and thus injuring and annoying his debtor, the latter would be remediless. But it is deemed unnecessary, at the present time, to further consider this particular question. The evidence not being embraced in the abstract or transcript, we are unable to determine that the court was not warranted in the conclusion that both reasons stated in the affidavit for suing out the writ were amply sustained. By going to trial upon the issues joined by the affidavit for attachment and traverse, we think defendant waived the right to be now heard upon the question of formal defects in the affidavit for attachment. The order of the court in refusing to dissolve the attachment, and judgment thereon, should be affirmed.

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.