No. 2808. Archer *v.* Long. November Term, 1891. This was a motion to dismiss an appeal, based upon the following grounds:

(1) Because the printed matter served herein as the copy of the printed "Case" is insufficient upon which to hear the appeal. (2) Because said printed matter is not a copy of the matter filed in the office of the clerk of the Court of Common Pleas for Union County as a copy of the "Case" herein, and because it is not a copy of the proposed "Case" as served upon the respondent's attorneys, and as settled by the presiding judge. (3) Because the matter filed in the office of the clerk of the Court of Common Pleas for Union County as a copy of the "Case" herein is not a copy of the "Case" as proposed and as settled by the presiding judge. (4) Because the proposed "Case" herein was not served within the time required by law and the rules of court after the service of the notice of appeal, and because said proposed "Case"

was not served all together, but in three separate and distinct parts. (5) Because the printed "Case" herein was not served within the time required by law and the rules of this court. (6) Because the printed "Case" herein was not served all together, but in two separate parts. (7) Because the order of his honor, Judge Wallace, settling the "Case" herein, was not printed in the printed "Case," and because it does not appear that the printed matter served as a copy of the "Case" is such copy. (8) Because it does not appear from the printed "Case" that any judgment has been entered against the appellants from which they could appeal. (9) Because it does not appear that the printed matter served as the "Case" herein contains a copy of the "Case" as proposed or as settled by the presiding judge. (10) Because it does not appear that the notice and grounds of appeal, the proposed "Case," or the printed copies were served upon the attorneys for respondent within the time required by law and the rules of this court, or that they were served at all. (11) Because the printed copy served is not provided with an index, and because the appellants have undertaken to emphasize certain parts of the presiding judge's charge by having those parts printed in italics. (12) Because the return herein was not filed in the office of the clerk of the Supreme Court within the time required by law and the rules of this court. (13) Because the "Case" herein was not filed in the office of the clerk of the Court of Common Pleas for Union County within the time required by the rules of said court after the settlement of the "Case" by the presiding judge, viz., within ten days thereafter. (14) Because the pages and lines of the proposed "Case," as served upon respondent's attorneys, were not numbered to correspond with the original, and because the pages and lines of the matter filed in the office of the clerk of the Court of Common Pleas for Union County were not numbered at all.

December 9, 1891. This motion was refused by the the full court (Mr. Justice Pope having qualified before this date), the court saying:

The first objection made is manifestly so general that it cannot be considered. There is nothing definite pointed out wherein the "Case" is considered insufficient.

Secondly. The second and third grounds taken by the respon-

dents are nearly alike. There is some conflict of testimony in regard to the facts alleged; but assuming that they are as alleged by the moving party, still there is not sufficient ground shown to dismiss the appeal. The facts as alleged may be good ground to require an amendment of the "Brief" or "Case;" but we find nothing in the rules to warrant us in dismissing the appeal.

Fourth. It appears that the proposed "Case" was served within the time; but the real objection is that it was defective and was not properly served, but was served in three separate and distinct parts. There is no rule restricting the service of the proposed "Case," as contended for. Certainly serving it in distinct parts is no ground for dismissal of the appeal. *Fifth.* This objection is disposed of by what has already been said. *Sixth.* The same remark just made applies to this ground.

Seventh. While it may be true that the formal copy of the order of Judge Wallace settling the "Case" was not printed in the printed "Case;" yet it is a fact that Judge Wallace did settle the "Case," and the absence of the order is not ground justifying a dismissal of the appeal. *Eighth.* Likewise as to this objection. It appears from the record on file in this court that there was a judgment entered against the plaintiffs, and that is a sufficient compliance with the rules of court.

Ninth. This has been disposed of by what has been said. The real gist of this objection is, that the printed matter served as the "Case" is not a correct copy of the manuscript "Case" served; but as appellants have proposed to make the necessary corrections in the "Case" as prepared for argument here, we think that this ground should not be sustained.

Tenth. The fact alleged is not established. What purports to be the "Case" was served in time. Assuming that the objection relates to the defect in the papers as served, such defects are not in our judgment sufficient to warrant a dismissal of the appeal.

Eleventh. According to the rule, the index does not constitute an essential part of the "Case." Rule 5 prescribes what shall constitute the "Case" required to be served by law. The index is simply a matter of convenience. Its absence is not a sufficient ground for dismissal of appeal; and, besides, the index has now been supplied. As to the italics, that certainly constitutes no ground for a dismissal of the appeal.

The twelfth ground was abandoned.

Thirteenth. It appears from the affidavits submitted that the papers purporting to be the "Case" was filed in the proper time; but the objection is that these were defective and really was not the "Case" as settled. The proper way to urge this objection is on a motion to amend the "Brief." It is urged that rule 49 of the Circuit Court requires that the original "Case" shall be filed. This rule does not say the *original* "Case" shall be filed. In construing this rule, we must look to the object of it. While it may be better to file the original "Case," yet filing a copy is not such an omission as will support a motion to dismiss the appeal. The fourteenth ground was very properly abandoned.

Our conclusion therefore is that no sufficient ground for dismissing the appeal has been shown, and the motion to that effect is refused.

*Carlisle & Hydrick*, for the motion. *R. W. Shand* and *W. W. Thomson*, contra.