[No. 19256. In Bank.—'October 4, 1893.]

## ADOLPH ANTHONY, RESPONDENT, v. FRED GRAND, APPELLANT.

APPEAL—DISMISSAL WITHOUT PREJUDICE—INADVERTENT ORDER—SECOND APPEAL. — Where, after the filing of a notice of motion to dismiss an appeal, the court, upon stipulation of counsel, orders the appeal dismissed without prejudice, and subsequently another order is inadvertently made by the court after the submission, dismissing the appeal absolutely, a motion to dismiss a subsequent appeal taken after the first order of dismissal and prior to the last one, upon the ground that at the time it was taken the former appeal from the same order and judgment was undisposed of, must be denied.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Trippet, Boone & Neale,* for Appellant.

*Utley, Thorp & Holcomb,* for Respondent.

The COURT.—This is an appeal by the defendant from a judgment entered against him in the superior court of San Diego County, and from an order denying his motion for a new trial. It was taken by filing in the court below a proper notice and undertaking on February 10, 1893. The transcript was filed in this court on March 18, 1893. The respondent now moves to dismiss the appeal upon the ground that, when it was taken, another and prior appeal from the same judgment and order was pending and undisposed of in this court.

It appears that an appeal from the judgment and order entered and made in the action was properly taken by the defendant on December 22, 1892, but no transcript on that appeal was ever filed in this court. On February 3, 1893, the

respondent filed notice of motion to dismiss the appeal upon the ground that the transcript had not been filed within the time prescribed by rule 2 of the court. On February 9, 1893, the defendant and appellant filed in this court a paper signed by his attorneys and dated February 7, 1893, by which he "stipulates and agrees that the appeal heretofore taken in the above-entitled cause . . . . be dismissed, without prejudice to the taking of a new appeal, within the time allowed by law, by said defendant." Following this stipulation is written, "So ordered," with the names of the chief justice and three associate justices of the court subscribed thereto. And on filing the paper the clerk entered in the minutes of the court an order, "Appeal dismissed without prejudice. Beatty, C. J., De Haven, J., McFarland, J., Fitzgerald, J." On this order a *remittitur* was sent to the clerk of the court below on March 13th.

On April 3d, respondent's motion was submitted to the court, then sitting at Los Angeles, and on April 7th an order was inadvertently made dismissing the appeal absolutely. This inadvertence may have arisen from the fact that the case was erroneously numbered and the plaintiff was named as appellant and the defendant as respondent, thus apparently showing a different case from that in which the appeal had already been dismissed. But however this may be, it is clear that when the order of February 9th was made the appeal was in fact dismissed, and there was thereafter no appeal pending on which the order of April 7th could take effect. This being so, the second appeal was taken after the first had been dismissed without prejudice, and the respondent's motion must therefore be denied. So ordered.