Gunter, J.
A general demurrer to the complaint was sustained, and from the order dismissing it plaintiff is here on error.
This was an action at law by a single creditor against a single stockholder of an insolvent bank to recover against the stockholder individually upon certain certificates of deposit. .
The complaint alleges the existence of a banking corporation organized under the state laws; that defendant was at a certain date a stockholder in said bank.to the amount of ten shares at a par value of one *141 hundred dollars per share. It further alleges that while defendant was such stockholder certain certificates of deposit were issued by the bank to plaintiff’s endorser; that thereafter defendant transferred his stock in the bank, and within one year after such transfer the bank became insolvent.
This action was instituted, as above stated, to recover of defendant individually. The statute relied upon to justify a recovery is as follows:
“The * * # stockholders of every banking corporation formed under the provisions of this act shall be individually liable for all debts contracted during the term of their being * * * stockholders of such corporation, equally and ratably to the extent of their respective shares of stock in any such corporation * * * except that when any stockholder shall sell and transfer his stock such liability shall cease at the expiration of one year from and after the date of such sale and transfer.” — Mills’ Ann. Stats., vol. 1, sec. 518.
As seen from this statute the recovery had against each stockholder must be “equally and ratably to the extent of their respective shares of stock in any such corporation. ’ ’ Such recovery can be had only by giving the court information upon which to base it. In addition to other facts the complaint must allege the number of shares of stock issued by the insolvent corporation; the number of shares held by the stockholders respectively; the amount of debts of the corporation for which defendant and other stockholders are liable, together with the dates when created, otherwise it is impossible to know the amount for which judgment should be rendered against a stockholder. The complaint here does not inform us of the number of stockholders, the stock held by them respectively, the total issue of stock, nor the amount or dates when incurred of the indebtedness of the in *142 solvent corporation, and but tbe one stockholder is made a party to the proceeding.
The above information is essential to the complaint stating facts sufficient to constitute a cause of action. Had the defendant defaulted below no judgment could have been entered against him in any sum upon the complaint as framed, because it could not be ascertained therefrom the proportion of the claim of plaintiff for which defendant was “ equally and ratably” liable.
We agree in the conclusion of the lower court that the complaint did not state facts sufficient to constitute a cause of action.
The weight of authority with the better reasoning is that the only proceeding through which complete relief can be administered under this statute is an equitable one brought by one creditor in behalf of all others similarly situated against all stockholders.
While the suit ruled in Zang v. Wyant, 25 Colo. 551, 56 Pac. 565, was under another section of the statute, the reasoning in that case is applicable to an action under the statute here involved.
Judgment affirmed. Affirmed.