(June 21, 1906.)

## COMMODORE JACKSON, Respondent, v. F. H. BARRETT et al., Appellants.

[86 Pac. 270.]

MOTION TO DISMISS APPEAL—WHERE JURISDICTION OF TRIAL COURT AT-
TACHES AFTER DECISION ON APPEAL—DISMISSAL OF APPEAL—SECOND
APPEAL—UNDERTAKING ON APPEAL—OBLIGATION OF SURETIES.

1. Where a motion to dismiss an appeal is confessed and the court dismisses the appeal without prejudice to another appeal, the second appeal may be perfected at any time after the order of dismissal is made, regardless of whether the *remittitur* has been filed in the trial court or not.

2. Under the provisions of section 4809, Revised Statutes, and the surety company law, the undertaking on appeal must be executed on the part of the appellant to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal or on a dismissal thereof, not exceeding $300.

3. If, in such undertaking, the sureties fail to obligate them-selves to the effect that the appellant will pay all damages and costs which may be awarded against him on a dismissal of the appeal, the undertaking is insufficient and may be amended on seasonable application.

4. One who relies on technicalities must be held to observe technical rules.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. Lyttleton Price, Judge.

Action to recover a money judgment. Judgment for plain-tiff. Motion to dismiss appeal. *Sustained.*

E. M. Wolfe, for Appellants.

W. C. Howie, for Respondent.

Counsel cite no authorities on points decided not cited by the court.

SULLIVAN, J.—This cause was before this court on appeal at its 1906, February term. Counsel for respondent moved to dismiss the appeal, which motion was confessed by counsel for the appellant, and the appeal was, on the thirteenth day of February, 1906, dismissed without prejudice to another appeal. Another appeal has been taken, and counsel for respondent now moves to dismiss the appeal on two grounds: (1) That no sufficient undertaking on appeal has been filed herein; (2) That at the time this appeal was taken, to wit, on the thirteenth day of February, 1906, the district court had no jurisdiction over said case, for the reason that it had been theretofore appealed to the supreme court, and the *remittitur* from said court had not been filed in the district court, and was not filed until the fifteenth day of February, 1906.

We will first dispose of the second contention. It appears from the records of this court that the first appeal in this case was dismissed without prejudice to another appeal on the thirteenth day of February, 1906, and that thereafter, and on that day, the *remittitur* of this court was issued and mailed to the clerk of the district court, from whence the appeal was taken. On said day, after said dismissal, counsel for appellant prepared and served his notice of appeal on counsel for respondent, and on the same day filed an undertaking on appeal. It is contended by counsel for respondent that the jurisdiction of the district court did not attach until the *remittitur* was filed on the fifteenth day of February, and for that reason the appeal was prematurely taken. In other words, he contends that this court had jurisdiction of said case until the *remittitur* was actually filed in the trial court. In support of that contention, he cites *Hazard v. Cole,* 1 Idaho, 276, where it is said at page 305: "The general rule seems to be well settled that this court loses jurisdiction of a case when the *remittitur* has been sent to and filed in the court below." He cites in support thereof *Grogan v. Ruckle,* 1 Cal. 192; *Lesse v. Clark,* 20 Cal. 387; *Rowland v. Kreyenhagen,* 24 Cal. 52. The court then further says: "This gen-

eral rule rests, however, on the supposition that all the proceedings have been regular, and that no fraud or imposition has been practiced upon the court or opposite party; for if such appears to have been the case, the appellate court will assert its jurisdiction, and recall the case.'' Counsel also cites *Hosack v. Rogers,* 7 Paige, 108, and *Burckle v. Luce,* 3 How. Pr. 236. In the latter case the court held that it had the jurisdiction of a case until the *remittitur* was filed with the clerk of the court below.

In *Anthony v. Grand,* 99 Cal. 602, 34 Pac. 325, the supreme court of California held that where an appeal was dismissed one day and a second appeal taken on the next day, the latter should not be dismissed on the ground that a prior appeal was then pending. In *Sligh v. Shelton S. W. R. Co.,* 20 Wash. 16, 54 Pac. 763, the supreme court of Washington held that an appeal perfected on a second notice of appeal was not objectionable because there was no formal order of dismissal of the first appeal; and the same court in *Griffith v. Maxwell,* 20 Wash. 403, 55 Pac. 571, held that a person, by giving a premature notice of appeal and filing an appeal bond and abandoning it, is not deprived of the right to appeal on a second notice seasonably given, though there is no formal dismissal of the first appeal.

Where, as in the case at bar, counsel for respondent moves to dismiss the appeal, and such motion is confessed by the opposing counsel and allowed by the court, and an order dismissing the appeal without prejudice is made, a new appeal may be perfected as soon as the order of dismissal is made.

It is evident in this class of cases, when an appeal is dismissed without prejudice, that another appeal may be taken, if the time for taking an appeal has not already expired. It might occur that the time for another appeal would expire on the next day after the appeal was dismissed, and if the party was not permitted to make such appeal until after the *remittitur* was filed, he would lose his right of appeal. While, as a general rule, a trial court should not take jurisdiction and do anything in a case that has been appealed until the

*remittitur* is filed in that court, in a case where a dismissal of the appeal is made without prejudice to another appeal, such an appeal may be taken immediately after the dismissal is granted. This class of cases is an exception to the general rule stated in *Hazard v. Cole,* 1 Idaho, 276.

The next ground of the motion goes to the sufficiency of the undertaking on appeal. The undertaking is for costs on appeal and also for a stay of execution of the judgment. That part of the undertaking containing the obligation of the sureties to pay the damages and costs is as follows: "Now, therefore, in consideration of the premises and of such appeal, we, the undersigned, R. P. Chattin, Mountain Home, Elmore county, Idaho, and C. Hein of Mountain Home, Idaho, do hereby jointly and severally undertake and promise on the part of the appellants, that the same appellants will pay all damages and costs which may be awarded against them on the appeal not exceeding three hundred dollars ($300), to which amount we acknowledge ourselves jointly and severally bound." It will be observed from that quotation that "the sureties obligate themselves to pay all damages and costs which may be awarded against them (appellants) on the appeal not exceeding $300." The question arises whether that clause is a sufficient compliance with the provisions of section 4809, Revised Statutes, which requires the undertaking on appeal to be executed "to the effect that the appellant will pay all damages and costs which may be awarded against him on an appeal or on a dismissal thereof." Would it be contended that said undertaking is sufficient, if it was to the effect that the appellant would pay all damages and costs which may be awarded against him "on a dismissal" of such appeal? I think not. There are clearly two things that the sureties must obligate themselves to do, and the first is, they must undertake and promise on the part of the appellant that he will pay all damages and costs which may be awarded against him on appeal; and second, that the appellant will pay all damages and costs which may be awarded against him on a dismissal of the appeal; and if either of said obligations

or promises is omitted from the undertaking, it is not suffi-
cient under the provisions of said section of our statute. The
sureties have the right, and it is the law that they may stand
on the terms of their bond, and as said section of our statute
particularly and specifically provides that the obligation of
the bond must be such as obligates the sureties, in case their
principal does not pay, to pay "all damages and costs"
which may be awarded against him on the appeal or on a
dismissal thereof. If either of those requirements is omitted
from the bond, it is clearly insufficient, but may be amended
upon seasonable application.

The first ground of the motion to dismiss the appeal is
"That no sufficient undertaking on said appeal was ever filed
in said cause." Under a well-established rule that the motion
should specify with particularity the precise ground upon
which the moving party will base his right to the relief sought,
that ground in said motion is not sufficiently specified. The
ground that no sufficient undertaking on said appeal or said
cause was ever filed is so indefinite and uncertain that the op-
posing counsel is compelled to pick out certain grounds upon
which he supposes his adversary intends to rely. It is the
duty of the party to state his grounds specifically, and if he
fails to do so, the court ought to disregard the motion.
(*Omaha etc. Co. v. Chauvin-Fant etc. Co.*, 18 Mont. 468, 45
Pac. 1087; 14 Ency. of Pl. & Pr. 136, and long list of cases
cited. See, also, Estee's Pleading, 4th ed., sec. 4401; *Sawyer
& Briggs v. Schoonmaker*, 8 How. Pr. 198; *Bailey & South-
ard v. Lane*, 21 How. Pr. 475; *Perkins v. Mead & Brook*, 22
How. Pr. 476; *State v. Fry*, 10 Mont. 407, 25 Pac. 1055; *Don-
nelly v. Struven*, 63 Cal. 182; *Freeborn v. Glazer*, 10 Cal. 337;
*Loucks v. Edmondson*, 18 Cal. 203; *De Stafford v. Galrey*, 15
Colo. 32, 24 Pac. 580. See, also, *Wilson v. Wetmore*, 1 Hill
(N. Y.), 216; *Scholfield v. Pope*, 103 Ill. 138; *Archer v. Long*,
35 S. C. 585, 14 S. E. 24; *Garrett v. The K. C. Coal Min. Co.*,
111 Mo. 279, 20 S. W. 25; *Succession of Theriot*, 114 La. 611,
38 South. 471; *Hermann v. Hutcheson*, 33 Or. 239, 53 Pac.
489; 3 Cyc. 1956.) In 3 Cyclopedia it is said: "A motion to

dismiss should set out the facts on which it is based, and point out the specific defects or errors complained of. General allegations of defects or errors not accompanied by brief or argument are insufficient.'' It is only fair to opposing counsel for the moving party to place his finger upon the specific defect complained of in the undertaking or other instrument which he attacks. Formal defects in the undertaking, if there are any, are waived unless properly objected to. (1 Spelling on New Trial and Appellate Practice, sec. 748.) We refer to this matter in order that the attention of the practitioners in this state may be called to it and they may govern themselves accordingly. One who relies upon technicalities should be held to observe technicalities.

However, the appellant has filed another undertaking on appeal in place of the one against which this motion was made, and it was suggested on the oral argument that that undertaking was as objectionable as the first, and upon an examination of it, we find that it is defective in the same particular. The attention of counsel for appellant was called to the insufficiency of the second undertaking on the oral argument, and he has made no application to file another undertaking. The motion, therefore, must be granted and the appeal dismissed, with costs in favor of the respondent.

Ailshie, J., concurs.

STOCKSLAGER, C. J.—I cannot concur in the conclusion reached by my associates in this case wherein it is held that the conditions of the bond are insufficient to bind the sureties in case the appeal is dismissed. I think the language of the bond is entirely sufficient to hold them in case of a dismissal of the appeal. The obligation is that the bondsmen "undertake and promise on the part of the appellants that the same appellants will pay all damages and costs which may be awarded against them on the appeal, not exceeding $300, to which amount we acknowledge ourselves jointly and severally bound.'' It is true that section 4809, Revised Stat-

utes, requires that the sureties should obligate themselves to pay all damages and costs that may be awarded against them on the appeal or on a dismissal thereof. I am at a loss to understand how an appeal could be dismissed without carrying with it the cost of the appeal, and that is what the bond in this case requires. What standing would the bondsmen have in a court of justice in case suit was instituted to collect the cost of appeal in case of a dismissal thereof, pleading that they only obligated themselves that the appeal should be prosecuted to a successful or adverse determination? Is it possible that the bondsmen in this case did not fully understand that when they signed the bond the obligation was that in case the appellant was defeated in any manner on the appeal they would pay all costs and damages in case appellant failed or refused to do so? I think not. The construction given to the language of our statute, that is, the latter part of section 4809, by my associates, is not in harmony with section 4231; it says: "The court must in every stage of the action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties." To hold that the bondsmen could escape liability in case of the dismissal of the appeal in this case is in violation of section 4231, *supra*. As I view it, this section was enacted to avoid such errors as appear in this bond. I concur in the conclusion reached, with the exception as above indicated.