[No. 3426.]

TOLL v. COBBEY.

1. BANKS, INSOLVENT—*Liability of Stockholders—How Enforced.* Prior to the banking act of 1907 (Laws 1907, c. 111, Rev. Stat.,

c. 11), the individual liability of stockholders, in insolvent banking corporations, was enforced by a suit in equity, by or on behalf of all the creditors, against all the stockholders.

The court might lawfully proceed to judgment against all stockholders served or appearing, retaining and continuing the cause as against those of whom jurisdiction had not been acquired, for the purpose of proceeding against them or their property.

2. —— *Equitable Owner of Stock—Liability.* It seems that the equitable owner of shares standing upon the books of the bank in the name of another may be charged.

3. —— *Attachment — Constructive Service of Summons.* The property of a non-resident equitable owner of shares may be attached, and in such case summons by publication suffices to authorize a judgment enforcible against the attached property.

4. —— *Parties—Bringing in New Parties.* No specific order is necessary to entitle the plaintiff to bring in a new party defendant. Under general leave to amend his complaint he may add parties, without any especial order to that end.

5. APPEALS—*Harmless Error.* An order allowing a plaintiff to "refile" his complaint as the basis of a renewed effort to obtain service of process upon a defendant, after such service, once attempted, has been quashed, is irregular; but the error affecting no substantial right is harmless.

*Appeal from Denver District Court.* HON. GREELEY W. WHITFORD, Judge.

Messrs. STOKES & SHERMAN, for appellant.

Mr. PHILO B. TOLLES, Mr. THOMAS D. COBBEY, for appellee.

Judgment affirmed.

WALLING, Judge.

Appellee, a creditor of The Western Bank, an insolvent banking corporation, brought suit, on behalf of all of the creditors of the bank, against the corporation and many persons, as alleged owners of its capital stock, to enforce the liability imposed by

statute upon the stockholders of the bank for its
unsatisfied indebtedness. Appellant was not made a
party to the original complaint, or to the first amend-
ed complaint. Upon a motion filed by a defendant
to the amended complaint having been sustained,
the plaintiff was given leave to amend his complaint;
and thereupon a second amended complaint was
filed, wherein appellant was for the first time named
as a defendant. The second amended complaint,
among other things, alleged, in effect, that appel-
lant's deceased husband was, at the time of his death,
the owner of ten shares of the capital stock of the
defendant bank, which stood on its books in the name
of The Wallace Investment Company, and that ap-
pellant became the owner of the same shares, under
the provisions of her husband's will, and, by reason
of her ownership of those shares, was individually
liable for the debts of the bank, under the statute,
to the amount of two thousand dollars. Thereafter
a decree was entered in the suit, wherein judgment
was given against a number of the defendants, as
stockholders of the defendant bank, for the full
amount of the liability of each, in accordance with
the terms of the statute fixing such liability. It was
stated in that decree that appellant, and others
named, "are non-residents of the state of Colorado,
were not served, and made no appearance in said
action;" and it was "ordered that this cause is con-
tinued upon the docket of this court * * * for
such other and further proceedings as may be prop-
er to bring any other of the said defendants, not
now before this court, in this cause; and to adjudi-
cate said claims of the said creditor plaintiffs against
them, or against any property of such defendants,

which may be found within the jurisdiction of this court.''

A few months after the entry of the decree, the plaintiff caused a writ of attachment to be issued, in the action, to the sheriff of the City and County of Denver, against the property of appellant, for the amount of her liability as alleged in the second amended complaint; and the writ was levied on property belonging to appellant. Soon after the attachment was levied, an *alias* summons was issued in the cause, in which appellant was named as a defendant, and an effort was made to obtain service by publication of the summons. It appeared from the affidavit and order for publication that appellant was a party to the action, and a non-resident of the state. Upon motion of attorneys for appellant, specially appearing for that purpose, the attempted service by publication was ordered to be set aside, for the reason, as stated in the order, that appellant had not properly been made a defendant in the cause. The motion to quash the service of the summons stated that appellant resided in the state of Massachusetts. A few days later, on motion of plaintiff's attorneys, an order was entered permitting the plaintiff to make appellant a defendant, and to refile his second amended complaint, ''in which the said Katharine W. Toll appears as a party defendant,'' and authorizing summons to be issued as provided by law.'' The second amended complaint was thereupon marked ''refiled,'' and another summons was issued, and placed in the hands of the sheriff of the City and County of Denver, for service. Upon due return of that summons by the officer, certifying that, after diligent search, he was unable to find ap-

pellant, and the filing of a proper affidavit of her non-residence, a new order was made for the publication of the summons; and it was published accordingly, and a copy thereof duly mailed to appellant. Appellant again appeared specially, by her attorneys, and moved to quash the service of the summons by publication, which motion was overruled by the court. No further appearance having been made by appellant, judgment by default was given against her, in what was styled a ''supplemental decree,'' for the amount found to be due on account of her stockholder's liability, and the attachment against her property was sustained. From that judgment this appeal was taken.

The assignments of errors alleged on the record here challenge the jurisdiction of the court to render the judgment or decree against appellant. The argument in support of the assignments proceeds generally upon the propositions that appellant never became a party to the action, so as to authorize the attachment of her property, and the issuing of summons against her therein, that the order made by the court, after quashing the first attempted publication of the *alias* summons, and when several terms of the court had elapsed since the first judgment was rendered in the cause, permitting the second amended complaint to be ''re-filed,'' and summons to be issued, was in excess of the jurisdiction of the court, and that all of the proceedings shown by the record, so far as they undertook or purport to affect appellant, or her property, including the judgment against her were *coram non judice* and void.

1. It was established by the decisions of our supreme court, prior to the enactment of the banking act of 1907 (see R. S. 1908, sec. 324), that the individual liability imposed by statute upon the stockholders of an insolvent banking corporation was to be enforced in equity, and in a suit brought by or on behalf of all the creditors against all the stockholders, who could be subjected to the processes of the court, whether by personal service of summons upon them, or by attachment of their property, within the state.

"It is settled in this jurisdiction, by *Zang v. Wyant,* 25 Colo., 551, that the proper procedure to enforce the liability of stockholders in an insolvent bank for debts of the corporation, under the statute here under consideration, is by a suit in equity by a creditor or creditors, for the benefit of all creditors, and against all the stockholders." *Adams v. Clark,* 36 Colo., 65. See also *Buenz v. Cook,* 15 Colo., 34; *Richardson v. Boot,* 18 Colo. App., 140.

The suit was administrative in character, the main purpose being to enforce contribution by as many of the stockholders as practicable, within the limit of liability fixed by the statute, to the satisfaction of the whole indebtedness of the insolvent bank in excess of its assets. The judgment was rendered for the benefit of all the creditors, but against the stockholders severally. For reasons not necessary to discuss, it was frequently impossible, or at least impracticable, to acquire jurisdiction of the persons or property of all of the stockholders, within a reasonable time after the institution of the action. The proceeding being for the benefit of creditors, they were entitled to as speedy relief against defendants

actually brought into court, as the nature and circumstances of the case permitted; and to delay the entering of judgment against the stockholders served, until all could be brought in, would, in conceivable cases, have resulted in defeating the object of the statute creating the stockholders' liability. It is plain that, in such a case, the court might lawfully proceed to judgment against the stockholders served or appearing, and retain the cause for the purpose of proceeding against other stockholders, as to whom, by reason of non-residence or otherwise, no jurisdiction had been acquired. In the present case, while the judgment rendered against the resident stockholders was final as to the defendants served, it did not necessarily terminate the court's jurisdiction over the subject of the action. The liability of the stockholders being several, it was not essential that all should have been included in the same judgment; and the court was empowered, after rendering judgment against the defendant stockholders, who had been served or had appeared, to continue the cause, for the purpose of acquiring jurisdiction of the persons or property of the others, who were named in the decree as being non-residents, not served, in order that complete relief might be administered with respect to the subject of the cause. See *Harper v. Carroll,* 66 Minn., 487; *Hanson v. Davison,* 73 Minn., 454; Mills' Ann. Code, sec. 223; *Johnson v. Waters,* 111 U. S., 640.

2. It was shown by the averments of the second amended complaint that appellant was a proper party defendant to the suit. She was therein named as a defendant, and judgment was prayed against her. Undue importance seems to have been at-

tached to the fact that there was no specific order of court permitting her to be joined as a defendant, prior to the entry of the first decree. It was held in *Louvall v. Gridley,* 70 Cali., 507, that a plaintiff, having leave to amend generally, might make a new party, by way of amendment, without special permission to do so. The provisions of section 75 of our code of civil procedure, enacted in 1887, with respect to the amendment of pleadings, were taken almost *verbatim* from the code of civil procedure of California, in force at the time of the decision of *Louvall v. Gridley;* and there is no good reason why the rule of that decision should not be adopted here. Further than that, the court, in its first decree, clearly recognized appellant as a non-resident defendant, who had not been served with process, and as included in the terms of the order, whereby the cause was continued upon the docket of the court for further proceedings, as above stated. Thereafter there could have been no substance in the objection that a formal order had not been entered allowing appellant to be made a party defendant. It results, therefore, that, in so far as the subsequent order setting aside the first publication of summons was based upon the idea that appellant had not been made a party, the ruling was manifestly incorrect. But appellant cannot claim any advantage by reason of any error of the court in deciding the motion. It is possible that other and sufficient reasons existed for quashing the attempted service. Be that as it may, it was evidently not in the mind of the court to relinquish the right to subject appellant's property, which had been attached in the cause, to any judgment which the plaintiff should obtain against her

therein, after lawful service of process. This is apparent from the order authorizing the second amended complaint to be "refiled," and summons to be issued "as provided by law," and the denial of the second motion made on behalf of appellant to quash the service by publication, as well as from the terms of the default judgment rendered against her, wherein it was found that "due and legal constructive service by publication has been made upon the said defendant, Katherine W. Toll," and the attachment of her property was expressly sustained.

3. It is true that the order authorizing the "refiling" of the second amended complaint was irregular, but it cannot be said that any substantial right of appellant was injuriously affected by the irregularity. The plaintiff had the legal right, upon this record, to renew the effort to obtain service, by proper proceedings to that end, upon the quashing of the first attempted service by publication of summons, and that right was recognized by the subsequent orders and proceedings in the cause. The truth is, that the confusion in the record, at this point, was the result of the mistaken position assumed by counsel for appellant in both of their motions to quash the service of summons by publication, and still strenuously urged in argument here, that appellant was never made a party to the action. We think that, under the liberal intendments of the code, she ought not to be permitted to derive an advantage from errors or irregularities, which were the direct result of her own action. * * * no service of summons shall be set aside or quashed for any technical error, defect or omission, either in the summons or in the service of the summons, which error,

defect or omission, does not affect some substantial
right of the defendant or defendants : thereby
served." Mills' Ann. Code, sec. 38a, Laws of 1891,
p. 83. "The court shall in every stage of an action
disregard any error or defect in the pleadings *or pro-
ceedings,* which shall not affect the substantial rights
of the parties, and no judgment shall be reversed or
affected by reason of such error or defect." Mills'
Ann. Code, sec. 78.

Counsel for appellant have not pointed out, in
their argument, any defect or illegality in the sum-
mons, or in the return thereof, or the affidavit or
order for service by publication, or the publication
itself. The court correctly held that the publica-
tion of the summons was sufficient constructive ser-
vice to authorize a judgment against appellant, en-
forcible against her property attached in the cause.

4. Notwithstanding the objections raised in ar-
gument here, appellant had all the notice of the com-
mencement and pendency of the action against her,
that the plaintiff was able to give, and all that the
law required to support the judgment rendered. The
contention that, before appellant could be made a
party defendant, she must have had notice of an ap-
plication for that purpose, is not sound, and finds
no support whatever in our code of practice. With
full opportunity to appear and defend, she saw fit
to rely finally on a special motion to set aside the
service. She "had her day in court," borrowing the
words of her counsel, and has no cause for complaint
in that regard. The court did not err in overruling
the special motion to quash the service by publica-
tion; and, no further appearance having been made

on behalf of appellant, judgment properly went against her. The judgment is affirmed.

*Affirmed.*

Decided May 13, A. D. 1912. Rehearing denied June 10, A. D. 1912.