FREEBORN, GOODWIN *et al. v.* GLAZER.

A count, in the ordinary form of counts in *indebitatus assumpsit*, for goods sold and de-
livered, and money paid and expended, is sufficient under our system of practice.   If
the allegations are deemed too general, the defendant can apply for and obtain an
order upon the plaintiff to furnish a bill of particulars.

A notice of motion to discharge a writ of attachment, "because the said writ was im-
properly issued," is insufficient.   The notice should specify the grounds of the motion,
and wherein it will be urged that the writ was improperly issued.

The one hundred and thirty-eighth section of the Practice Act, which provides that the
defendant may, at any time before answering, "apply, on motion, upon reasonable no-
tice to the plaintiff, to the Court in which the action is brought, or to the Judge
thereof, or to a County Judge, that the attachment be discharged *on the ground that
the writ was improperly issued,*" does not obviate the necessity of specifying the par-
ticular points of irregularity upon which the motion will be made.

Where a notice of motion to dismiss a complaint on specified grounds is given, to obtain
a review of the order made on the motion, the record must disclose the papers read,
or the evidence offered in their support.

APPEAL from the District Court of the First Judicial District,
County of Los Angeles.

The complaint in this case is for goods sold and delivered.   It
contains several counts, all of which are alike in form.   The fol-
lowing is one of the counts: The plaintiffs "complain of Lewis
Glazer, resident of the said county of Los Angeles, defendant,
and for cause say, that heretofore, to wit, at the county of San
Francisco, State aforesaid, on the 30th day of May, 1857, the de-
fendant became and was indebted to the plaintiffs in the sum of
seventeen hundred and twenty-three 29-100 dollars, ($1723 29,)
for goods, wares, and merchandise, before that time sold and de-
livered by plaintiffs to defendant, and for money before that time
paid, laid out, and expended by plaintiffs, to and for the use and
benefit of defendant, all at defendant's special instance and re-
quest, which amount the defendant, in consideration of said in-
debtedness, thereafter, to wit, at the place and on the day afore-
said, undertook and promised to pay to plaintiffs, when he should
be thereunto afterwards requested;" and following the several
counts, is this allegation of breach, "yet the defendant, although
often requested, hath hitherto utterly neglected and refused to
pay said amounts, or either of them, or any part of either of
them, to plaintiffs."   The other facts of the case sufficiently ap-
pear in the opinion of the Court.

*Kewen and Cadwalader* for Appellant.

*Latham and Sunderland* for Respondents.

FIELD, J., delivered the opinion of the Court—TERRY, C. J.,
concurring.

22

The complaint contains several counts which are in the ordinary form of counts in *indebitatus assumpsit*, for goods sold and delivered, and money paid and expended; and it is objected to, not by demurrer, but after answer, as defective in not stating facts sufficient to constitute a cause of action. The objection is not well taken. The complaint is sufficient in its allegations; and if they were deemed too general, the defendant could have applied for and obtained an order upon the plaintiffs to furnish a bill of particulars. It states a promise by the defendant, and its consideration and breach. (Allen *v.* Carpenter, 3 Selden, 476; Buckner *v.* Platner, 15 Barb., 550; Adams *v.* Halley, 12 How. Prac., 326; Cudlipp *v.* Whipple, 1 Abb., 107.)

The notice of motion to discharge the writ of attachment, stated that the motion would be made "because the said writ was improperly issued." The notice should have specified the grounds of the motion, and wherein it would be urged that the writ was improperly issued. The notice gave no information to the adverse party as to the character of the objections which would be taken.

It is true, it does not appear from the record for what reason the Court denied the motion; it may have been for the general and vague character of the objection stated. We certainly will not presume that it was denied for an invalid reason.

The notice of motion to dismiss the complaint, stated specifically the grounds upon which the motion would be made, but it does not appear that any papers were read, or any evidence offered in their support.

Judgment affirmed.

On the petition for a re-hearing, FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

One of the errors assigned for a reversal of the judgment in this case, was the refusal of the motion to dismiss the writ of attachment. The notice stated that the motion would be made "because the said writ was improperly issued;" and we held that the notice was defective, in not specifying the grounds of the motion, and wherein it would be urged that the writ was improperly issued. The appellant now petitions for a re-hearing, and cites the Court to the one hundred and thirty-eighth section of the Practice Act, which provides that the defendant may, at any time before answering, "apply, on motion, upon reasonable notice to the plaintiff, to the Court in which the action is brought, or to the Judge thereof, or to a County Judge, that the attachment be discharged, *on the ground that the writ was improperly issued.*" This section did not escape the attention of the Court in the decision rendered. That section does not obviate the necessity of specifying the particular points of irregularity upon which the motion will be made. It is only a provision that whenever

the writ is improperly issued, that fact will authorize the application for its discharge. It is like a great variety of provisions indicating the general ground or reason upon which parties may proceed, or the action of the Court may be based, and which are never held to obviate the necessity of specifying the points of objection upon which the moving party will rely. If the point be stated, it may be possible for the opposite party to answer it, and the object of the rule is to give him a fair opportunity to do so.

Re-hearing denied.