## LOUCKS *v.* EDMONDSON.

A NOTICE of a motion to strike out a "statement on motion for new trial" must specify the grounds upon which the motion will be made, and wherein the statement is insufficient; and where the notice stated that the motion would be made for the reason that the statement was "insufficient and not a lawful statement," the motion was properly overruled.

*Valentine v. Stewart,* (15 Cal. 396) that the Court below may allow an amendment to a statement on motion for new trial, by adding the grounds of the motion after the time for filing a statement has passed, affirmed.

On appeal from an order granting or refusing a new trial, there is no necessity for preparing a statement on appeal—the statement on motion for new trial being sufficient.

Where documents and depositions are read or referred to on the argument of a motion for new trial in the Court below, and are not embodied in the statement, it will be sufficient for the Judge to add, upon rendering his decision, a certificate of the matters thus read or referred to.   This certificate will be sufficient identification of the documents and depositions used; and a copy of them, together with the statement and judgment roll, will constitute the only record necessary in the Supreme Court.

An order by the Court below, granting a new trial, will not be disturbed where the statement on appeal consists of a mere outline of the evidence, without any rulings or instructions of the Court—the statement not purporting to give all the testimony, and that given not being so clearly in favor of the verdict as to justify any interference with the order.

APPEAL from the Third District.

Action to recover personal property.   Verdict and judgment for plaintiff.   Defendant prepared a statement on motion for new trial, and plaintiff moved to dismiss said statement on the ground that it was "insufficient, and not a lawful statement."   Motion denied ; and defendant permitted to add the grounds of his motion for new trial.   The motion for new trial being subsequently granted, plaintiff appeals from the order allowing defendant to amend his statement, and also from the order granting a new trial.

*Porter & Sawyer,* for Appellant.

*Saunders & Campbell* and *Van Voorhies & Clark,* for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

1. The motion to strike out the statement for a new trial for the

Loucks *v.* Edmondson.

reason that it was "insufficient, and not a lawful statement," was properly overruled. The notice should have specified the grounds upon which the motion would be made, and wherein it would be contended that the statement was insufficient, and failed to comply with the law. As it was given, it did not apprise the adverse party of the nature of the objections which would be urged. (*Freeborn* v. *Glazer,* 10 Cal. 337.)

2. The amendment to the statement, by the addition of the grounds upon which a new trial would be moved, was properly allowed. The case of *Valentine* v. *Stewart* (15 Cal. 396) covers the objection of the appellant.

3. There are three statements embodied in the record—the original statement to which the Court allowed an amendment to be made; the amended statement, which is different from the original, and is more full in its narration of the evidence, besides containing the grounds of the motion; and the statement on appeal. The original statement, with the amendment allowed, is the one which should have been used in the Court below; and when certified to by the Judge as having been thus used, would have been all the statement required on the appeal. Where documents and depositions are read or referred to on the argument of the motion in the Court below, and are not embodied in the statement, it will be sufficient for the Judge to add, upon rendering his decision, a certificate of the matters thus read or referred to. The certificate will be sufficient identification of the documents and depositions used, and a copy of them, together with the statement and judgment roll, will constitute the only record necessary for this Court. There is no occasion on appeal from an order granting or refusing a new trial to prepare a new statement.

The counsel of the parties have, however, agreed upon a statement on appeal, which does not vary materially from the one used below. It is a mere outline of the evidence, and gives no rulings or instructions of the Court. It discloses, therefore, no error of law committed in the progress of the trial, and the ground upon which the Court acted in granting the new trial must have been the insufficiency of the evidence to justify the verdict. This being the case we cannot disturb the order. The statement does not pur-

port to give all the testimony, nor is that given so clearly in favor of the verdict as to justify any interference with the order. The point referred to by counsel in their briefs—the validity of a verbal sale of growing crops—is not presented by the record, and it does not appear that it was ever passed upon by the Court below.

Order affirmed.