[In Bank.—February 20, 1883.]

## ANDREW J. DONNELLY et al., Respondents, v. B. STRUEVEN, Appellant.

ATTACHMENT—CONTRACT—TORT.—Plaintiffs sued on a contract, by the terms of which they promised to sell, and defendant promised to buy and pay for, certain personal property at a stipulated price. The breach alleged was that the defendant refused to receive and pay for the property as provided by the terms of the contract, whereby the plaintiffs sustained the damage sued for. An attachment was issued, and the defendant moved to discharge the same on the ground that the action was founded in *tort* and not in *contract*. *Held,* that the action was founded in contract, and the motion was properly denied.

APPEAL from an order of the District Court, Twelfth Judicial District, city and county of San Francisco, refusing to discharge an attachment.

The facts sufficiently appear in the opinion of the court.

*H. H. Lowenthal,* for Appellant.

*Wm. Matthews,* for Respondents.

PER CURIAM.—Plaintiffs sued on a contract, by the terms of which they promised to sell, and defendant promised to buy

and pay for, certain hides, at the rate of five dollars each. The breach is that defendant refused to receive and pay for the hides as provided by the terms of the contract, whereby plaintiffs have sustained damages, etc.

An attachment was issued in the case, and defendant served a notice of motion to discharge the same on the following grounds:—

"1. That the undertaking filed herein in behalf of plaintiffs is insufficient in form and substance, and does not comply with the statute in this; that the same does not provide for the payment of attorney's fees, etc.

"2. That it appears upon the face of the complaint that the cause of action herein, and upon which the attachment is predicated, is one in tort for damages, and not on contract, and is, therefore, not one of the causes authorizing an attachment."

The second point is the only one we are called upon to consider, and that simply involves the inquiry whether the plaintiffs' action is founded in tort or contract. Section 556, Code Civ. Proc., requires that a defendant applying to have a writ of attachment discharged shall state in his notice the particular ground upon which he relies: "The notice should have specified the grounds of the motion, and wherein it would be urged that the writ was improperly issued." (*Freeborn* v. *Glazer*, 10 Cal. 337; *Loucks* v. *Edmondson*, 18 Cal. 203.)

It appears from the complaint as well as from the affidavit that the plaintiffs' action was founded in *contract*, and not in *tort*, and therefore defendant's ground of motion was not well taken.

Order affirmed.