## THOMAS CUPIT, APPELLANT, v. THE PARK CITY BANK, RESPONDENT.[1]

ATTACHMENT.—NOTICE OF MOTION TO DISCHARGE.—SUFFICIENCY.—
2 Comp. Laws 1888, § 3326, provides that the defendant may apply on motion to the court for a discharge of the writ of attachment on the ground that the same was improperly or irregularly issued. *Held*, that the notice of the motion to discharge the attachment should specify particularly the grounds of the motion, and wherein it would be urged that the writ was improperly issued.

(No. 514.   Decided July 27, 1894.   37 P. R. 564.)

APPEAL from the District Court of the Third Judicial District. Hon. George W. Bartch, *Judge*.

Action by Thomas Cupit against the Park City Bank. From an order granting a motion to discharge the attachment and overruling a motion to strike defendant's notice of motion and affidavit from the files, plaintiff appeals. *Reversed.*

The opinion states the facts except the following: That the Park City Bank, a corporation, doing a general banking business at Park City, Summit county, Utah, made an assignment on the 12th day of June, 1893, to Edwin Kimball, in trust for all its creditors without preference. Plaintiff begun this action and sued out a writ of attachment on the 12th day of July, 1893, and had the same levied upon the bank building, which had been included in the deed of assignment. Before the hearing of the motion to discharge the attachment, the assignee died and D. C. McLaughlin was appointed general receiver by an order of the Third Judicial District Court.

---

[1] Rehearing granted August 31, 1894.

*Mr. Wilson I. Snyder* and *Messrs. Powers & Straup,* for appellant.

The notice must not only be made "upon the grounds that the writ was improperly or irregularly issued," but it must specify and point out the *particular grounds of irregularity,* or why it was *improperly* issued. *Freeborn.* v. *Glazier,* 10 Cal. 337; *Loucks* v. *Edmondson,* 18 Cal. 203; *Donnelly* v. *Strueven,* 63 Cal. 183; 1 Wade Att. § 279, note 16. The affidavit was insufficient to raise an issue and put the burden of proof on the plaintiff. The defendant must negative the allegations of plaintiff's affidavit before the burden is so placed upon the plaintiff. *Drug Co.* v. *Allen,* 8 Utah, 117; *Hermann* v. *Amedee,* 30 La. Ann. 393; *Miller* v. *Chandler,* 29 La. Ann. 88; Drake Att. § 418; *Keith* v. *Stetter,* 25 Kan. 101; 1 Wade Att. §§ 277, 279, notes 4, 6, 15. The defendant has no interest in the property, having made an assignment, and neither the assignee nor the receiver are complaining. Waple's Attach. 413; *Chandler* v. *Nash,* 5 Mich. 409; *Price* v. *Reed,* 20 Id. 72; *Langden* v. *Conklin,* 10 O. St. 439; *Mitchell* v. *Skinner,* 17 Kan. 563; 1 Wade Att. § 278.

*Mr. D. C. McLaughlin* and *Messrs. Brown & Henderson,* for respondent.

MINER, J.:

This action comes here on appeal from an order discharging the attachment. The writ of attachment was issued upon an affidavit which set forth, as a ground for issuing the writ, "that the defendant had disposed of its property with intent to defraud its creditors," and, as a further ground, "that the defendant fraudulently took plaintiff's $2,000 on the 7th of June, 1893, knowing well that it, the defendant, was insolvent; that the defendant

fraudulently took the said. M. S. Ascheim Mercantile Company's $873.12, knowing well that it, the said defendant, was insolvent." This latter claim was assigned to plaintiff, together with six other causes of action, forming the subject-matter of this action, aggregating nearly $6,000. The defendant gave notice of a motion to discharge the attachment, in the following language: "Take notice that on an affidavit of which the annexed is a copy, and on all papers filed and served in this action, the undersigned will move the court on the 25th day of November, 1893, at 10 o'clock in the forenoon, or as soon thereafter as counsel can be heard, to discharge the attachment in this action, and for such other order as may be just,"—and in support of such notice filed the following affidavit:

"Territory of Utah, County of Summit—ss.:    A. B. Richardson, being duly sworn, deposes and says that on the 12th day of June, 1893, he was, ever since has been, and now is, vice president of said defendant, the Park City bank; that the affidavit for attachment filed in said-entitled cause is untrue; that the said defendant did not on the 12th day of June, 1893, or at any other time, assign and dispose of its property, or any part thereof, with intent to defraud its creditors. A. B. Richardson.

"Subscribed and sworn to before me this 22nd day of November, 1893.    Bart Wherrit, Notary Public, Summit County, Utah."

Thereupon, the plaintiff filed his motion to strike said notice of motion and affidavit from the files, on the grounds—*First,* that the property attached has since been placed in the hands of the receiver, and defendant has no interest therein; *Second,* that it does not appear that the writ was improperly or irregularly issued; *Third,* that the notice and affidavit raise no material issue of fact or law; *Fourth,* that the affidavit to discharge does not deny any material fact set out in affidavit for attachment. Upon a

hearing this motion was overruled, upon which error is assigned.

Our statute (section 3326, Comp. Laws 1888), like that of California, provides that the defendant may apply, on motion to the court, for a discharge of the writ of attachment on the ground that the same was improperly or irregularly issued. In *Freeborn* v. *Glazer*, 10 Cal. 337, the court held that in such cases the notice of motion to discharge the attachment should specify the grounds of the motion, and wherein it would be urged that the writ was improperly issued. The notice gave no information to the adverse party as to the character of the objections which would be taken. We think the notice of motion in this case was defective, in not specifying the ground upon which the motion was based. The opposite party was entitled to know in advance of the hearing what the particular objection was that he was called upon to meet, and our statute does not obviate the necessity of specifying in the notice to dissolve the writ the particular points of irregularity upon which the motion will be based. The provision in the statute prescribing that notice may be given of the motion "on the ground that the same was improperly or irregularly issued" is only a provision that, wherever the writ is improperly issued, that fact will authorize this application to discharge. It is like a great variety of provisions indicating the general ground or reason upon which parties may proceed, or the action of the court may be based, and which are never held to obviate the necessity of specifying the points of objection upon which the moving party may rely. If the point be stated, it may be possible for the opposite party to answer it, and the object of the rule is to give him a fair opportunity to do so. This doctrine is sustained by *Freeborn* v. *Glazer*, 10 Cal. 337; *Loucks* v. *Edmondson*, 18 Cal. 204; *Donnelly* v. *Strueven*,

63 Cal. 183; Drake, Attachm. § 145; *Osborne* v. *Robbins,* 10 Mich. 277; 1 Wade, Attach. § 279, note 16.

If any demurrer was interposed to the complaint, it does not appear from the abstract, nor does it appear that any ruling was ever made upon such demurrer. The complaint sets up a cause of action against the defendant, and, had a demurrer been interposed, it should have been overruled. There are many other questions raised by this appeal, but we think the one passed upon is the one decisive of the case. We are of the opinion that the plaintiff's motion to strike defendant's motion and affidavit to discharge the attachment from the files should have been granted, and that the court erred in discharging the attachment. The judgment of the court below, dissolving and discharging the attachment, is set aside and vacated, and the case is remanded to the court below for further proceedings.

MERRITT, C. J., and SMITH, J., concur.