THOMAS CUPIT, APPELLANT, *v.* THE PARK CITY BANK, RESPONDENT.

(For former opinion see *Cupit v. Bank,* 10 Utah, 294; 37 Pac. 564.)

ATTACHMENT.—NOTICE OF MOTION TO DISCHARGE.—SUFFICIENCY.—2 Comp. Laws 1888, Sec. 3326, provides that the defendant may apply on motion to the court for a discharge of the writ of attachment on the ground that the same was improperly or irregularly issued. *Held,* that the notice of the motion to discharge the attachment should specify particularly the grounds of the motion, and wherein it would be urged that the writ was improperly issued.

(No. 514. Decided on rehearing June 3, 1895.   40 P. R. 707.)

The petition for a rehearing was granted August 31, 1894. On rehearing the former opinion of the court (10 Utah, 294), is *affirmed.*

*Mr. Wilson I. Snyder* and *Messrs. Powers & Straup,* for appellant.

*Mr. D. C. McLaughlin* and *Messrs. Brown & Henderson,* for respondent.

KING, J.:

After this case had been decided by this court, during

the June term, 1894, a petition for rehearing was filed, in which it was claimed that the cases cited in the opinion, and upon which it is rested, were based on a statute wholly different from that prevailing in this territory. The petition was granted, and the case again argued at the following term. It was held by this court when the case was first presented (*Cupit* v. *Bank*, 37 Pac. 564) that the notice given by defendant of its motion to discharge plaintiff's attachment was defective, in failing to "specify the ground upon which the motion was based;" and in support of this position the cases of *Freeborn* v. *Glazer*, 10 Cal. 337; *Loucks* v. *Edmondson*, 18 Cal. 204; *Donnelly* v. *Strueven*, 63 Cal. 183,—were cited. It is stated in the petition for rehearing that the statute of California relating to the procedure on motion to dissolve an attachment, in force at the time these decisions were rendered, was as follows: "That a defendant applying to have a writ of attachment discharged shall state in his notice the particular ground upon which he relies." It was also stated that this statute has been changed, and is now the same as that found in our Compiled Laws. It is therefore argued that the decisions holding that the notice to discharge the attachment must specify the particular grounds wherein it is claimed the attachment was improperly issued would, under our statute, be erroneous.

An examination of the laws of California demonstrates the incorrectness of counsel's contention. The language of the statute, as it existed at the time *Freeborn* v. *Glazer*, *supra* (October, 1858), was decided, is: "The defendant may also at any time before the time for answer expires, apply on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or to the judge thereof, or to a county judge, that the attachment be discharged, on the ground that the writ was improperly issued." Gen. Laws Cal. (by Hittell, Pub. 1865) § 138.

In April, 1860, this section was amended by adding the words "or irregularly" after the word "improperly;" and in 1877 this section appears as No. 556 in the Code of Civil Procedure, and contains substantially the same phraseology as section 3326 of the Compiled Laws of Utah. Harston, Code Civ. Proc. p. 254. Upon the adoption of the new constitution of California, the office of county judge was abolished; and in Deering, Code Civil Proc. p. 246, section 566 appears, the only modification being that the words "or to a county judge" are omitted. It will thus be seen that the statute of California, so far as it concerns the questions involved in this case, is the same as ours, and was at the time the cases above referred to were decided. Judge Field, upon the motion for rehearing in the case of *Freeborn* v. *Glazer*, refers to section 138, which was substantially the same as section 3326, Comp. Laws Utah, and reaffirms the decision first given. *Donnelly* v. *Strueven, supra,* was decided after section 138 had been slightly amended, and read the same as section 3326 of our Code; and it is there held that the interpretation first placed upon this section by Judge Field, in *Freeborn* v. *Glazer*, was correct, and the court declare, in effect, that the notice must specify the grounds of the motion, and point out wherein it will be urged that the writ was improperly issued. This court followed the decisions of California, which construed the sections of its Civil Procedure above referred to, and which had been incorporated into our Code. The rehearing was granted because it was urged that our statute was different. We find it is not. The opinion and judgment heretofore rendered in this case are adhered to.

MERRITT, C. J., and SMITH, J., concur.