OMAHA UPHOLSTERING COMPANY, Respondent, *v.*
CHAUVIN-FANT FURNITURE COMPANY,
APPELLANT.

[Submitted July 8, 1896.   Decided August 4, 1896.]

ATTACHMENT—*Motion to dissolve—Specification of grounds.*—Under section 200 of the Code of Civil Procedure (1887) providing that the defendant in attachment may apply on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, that the attachment be discharged on the ground that the writ was improperly issued, both the notice and motion should specifically state the grounds upon which the motion is based. The plaintiff cannot be required to resort to an affidavit filed in support of the motion in order to determine the grounds upon which the defendant may be intending to rely.

*Same—Same—Merits of Action.*—On motion to discharge an attachment on the ground that the writ was improperly issued, it is not within the scope of the inquiry to try the merits of the main action. (*Newell* v. *Whitwell*, 16 Mont. 243, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on account.   Defendant's motion to dissolve the attachment was denied by SPEER, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

So far as necessary to explain the point involved in this case the following facts may be stated :

This was an action by the plaintiff against the defendant to recover the sum of $1,823.00, alleged to be due by defendant and for goods sold and delivered by certain mercantile firms to defendant, which said firms assigned their accounts to plaintiff for a valuable consideration and before the commencement of this suit.   On February 4th, 1895, an attachment was issued by plaintiff against the defendant's property.   On February 13th, 1895, the defendant moved to set aside the attachment "on the grounds and for the reason as set forth in the affidavits on file in this cause and made a part of this motion, and in all papers on file, and that the writ was improperly issued."

The affidavits filed are quite lengthy, the substance of them being : that the defendant did not owe the plaintiff anything at the time of the commencement of this suit, and that John A. Shelton, Esq., plaintiff's attorney, knew that defendant

did not owe plaintiff anything at the time of the filing of the complaint in this case. Certain exhibits were attached to the affidavits of defendant, wherein the plaintiff stated that the attachment proceedings were without their knowledge, authority or sanction, and that plaintiff had bought no claims against defendant from any parties, and that they had no knowledge of the attachment proceedings. On February 13th the plaintiff filed an affidavit wherein John A. Shelton, Esq., stated that he was the attorney for the plaintiff and the parties named in the complaint, who had assigned their claims to plaintiff; that the account had been put in his hands by the various parties named in the complaint with instructions and authority to sue and secure the payment of the same by attachment or otherwise, and to unite said accounts, for the purpose of suit, in the name of any of the above named parties; that if plaintiffs' account had been paid before the commencement of this suit, affiant did not know of same; that affiant was directed by Snow, Church & Co., a collection agency of Omaha, to sue upon plaintiff's claim without an hour's delay, and that affiant was informed that a draft, signed by the Omaha Upholstering company, upon defendant after being presented to the defendant company for payment had been refused and returned to the plaintiff company.

On February 14th, 1895, the defendant filed its answer, admitting that plaintiff sold and delivered to defendant the goods as alleged in the complaint, but averring that before the commencement of this action defendant fully paid therefor. The answer denied sales by the companies alleged to have assigned their accounts to plaintiff; denied the assignments to plaintiff; and denied the debts alleged to be due from defendant to the various companies.

The district court refused to dissolve the attachment. From the order of refusal defendant appeals.

*Chas. O'Donnell*, for Appellant.

*John A. Shelton, John F. Forbis* and *T. J. Walsh* for Respondent.

Hunt, J.—Section 200, of the First Division, Code Civil Procedure, 1887, provides that the defendant may apply on motion, upon reasonable notice to the plaintiff, to the court in which the action was brought, that the attachment be discharged, on the ground that the writ was improperly issued. A motion made under this statute should state specifically the grounds upon which the motion is based; so should the notice of motion to discharge the attachment. The object of such specifications is to give information to the adverse party of the particular nature of the objections to be made to the writ. As was recently said by the supreme court of Utah, in *Cupit* v. *Park City Bank*, 37 Pac. 564:

"The provision in the statute prescribing that notice may be given of the motion 'on the ground that the same (the writ) was improperly or irregularly issued' is only a provision that, wherever the writ is improperly issued, that fact will authorize this application to discharge. It is like a great variety of provisions indicating the general ground or reason upon which parties may proceed, or the action of the court may be based, and which are never held to obviate the necessity of specifying the points of objection upon which the moving party may rely. If the point be stated, it may be possible for the opposite party to answer it, and the object of the rule is to give him a fair opportunity to do so."

It is laid down by Drake on Attachments, section 415, that the motion must specify the grounds upon which it is made. "It is not sufficient to say that it is made because the writ was improperly issued; there must be a statement of the points of the objection upon which the moving party will rely."

In *Freeborn, Goodwin, et al.* v. *Glazer*, 10 Cal. 337, the notice of motion to discharge the writ of attachment stated that the motion would be made "because the said writ was improperly issued." This was held to be defective. Upon a rehearing of the case it was decided, under the provision of the California laws (Section 138, General Laws of California, by Hittell,) which section is like section 200 of the Montana

Code, cited above, that the provision did not obviate the necessity of specifying the particular points of irregularity upon which the motion to discharge would be made. "If the point be stated," said the court, "it may be possible for the opposite party to answer it, and the object of the rule is to give him a fair opportunity to do so." This rule was followed in *Loucks* v. *Edmondson*, 18 Cal. 203, and in *Donnelly, et al.* v. *Strueven*, 63 Cal. 182. In this latter case, the court, citing section 556 of Harston's Code of Civil Procedure of California, which is (so far as the point under discussion is affected) almost identical with section 200 of the Montana Code of 1887, affirmed the rule that a defendant applying to have a writ of attachment discharged, shall state in his notice the particular ground upon which he relies.

The counsel for appellant in the case at bar tells us that the statutes of California at the time of the decision in *Donnelly* v. *Strueven*, required the notice to state the particular ground relied upon; but in this respect the counsel is in error. This argument of the inapplicability of the California statute to the Utah statute, section 3326 Compiled Laws of Utah, which is like section 200 of the Montana Code, was advanced to the supreme court of Utah upon the rehearing of *Cupit* v. *Park City Bank*, cited above. See same case 40 Pac. 707. But in the opinion upon the rehearing, the incorrectness of the contention was clearly demonstrated by Justice King, who said, after citing the various statutes of California : "It will thus be seen that the statute of California, so far as it concerns the questions involved in this case, is the same as ours, and was at the time the cases above referred to were decided: (*Cupit* v. *Park City Bank*, 40 Pac. 707.)

Wade on Attachment, section 292, states the rule in this language : "The matter first in time as well as importance, to bring the regularity of proceedings before the court on a motion to discharge the attachment, is *notice*. This is requisite under the practice of all the states, whether at common law or under the Codes. And the notice, in order to serve its purpose, should not only state that a motion will be made to

discharge the attachment, or quash the writ, giving the time when such motion will be called up, but it must state the particular grounds upon which the dissolution of the attachment will be asked.    Under a statute which provided that the defendant might at any time before answering, "apply on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or to the judge thereof, or to a county judge, that the attachment be discharged, *on the ground that the writ was improperly issued,*" it was held that the notice must contain a more specific statement of the grounds than that embraced in the words of the quotation in italics. This was only regarded as a provision that, whenever the writ was improperly issued, that fact would authorize the application for its discharge.    The notice, in specifying the grounds of the motion, should state wherein it would be urged that the writ was improperly issued."

The very latest author to which we have access says that the motion papers of the party applying for dissolution of an attachment must specify the grounds he relies upon therefor, and that the irregularity or insufficiency must be clearly pointed out.    (Shinn on Attachment and Garnishment, section 347.)

In *Vaughn* v. *Dawes*, 7 Mont. 360, it was held that the assignment of the reasons for discharging the attachment should be definitely and specifically designated.

The appellant argues that we should resort to the affidavits he has filed for the specific ground relied upon.    But the authorities cited clearly hold that the notice of motion, and the motion, must specify the grounds upon which the party moving to dissolve, relies, and it would be unreasonable, we think, to compel a party to pick out such portions of lengthy affidavits as may perhaps state certain grounds upon which his adversary intends to rely.    He should not be compelled to do so.    It is the duty of the party who seeks to have the attachment discharged to state his grounds, and if he fails to do so, the court will disregard his motion.

From the foregoing views it follows that the notice of

motion, and the motion in this case, are fatally defective. We will say, however, that it appears by an examination of the affidavit that the material issue raised on the motion to dissolve was whether the defendant owed a part of the amount claimed by the plaintiff, and whether another portion of the indebtedness claimed by the plaintiff was due. This was also the principal issue for trial under the pleadings. If we are correct in this statement of the issue presented by the affidavit and by the pleadings, the court ought not to have dissolved the attachment, for under the motion to discharge an attachment on the ground that the writ was improperly issued, it is not within the scope of the inquiry to try the merits of the main action. (*Newell* v. *Whitwell*, 16 Mont. 243.)

The order overruling the defendant's motion to dissolve the attachment is affirmed.

*Affirmed.*

DE WITT, J., concurs.  PEMBERTON, C. J., not sitting.