PAPE et al., Appellants, *v.* CHAUVIN-FANT FURNITURE COMPANY, a Corporation, Respondent.

(No. 1,341.)

(Submitted May 17, 1901.   Decided June 17, 1901.)

*Costs—Disallowance—Tender or Payment of Part of Sum Due; After Suit Brought—Finding for Plaintiff—Stipulations.*

1.  Where defendant paid $1,095 after suit brought, and in a stipulation admitted a balance due plaintiff of $6.64, but made no offer to allow judgment for that amount, it was error to refuse plaintiff a judgment for costs on his obtaining judgment for the $6.64, under Code of Civil Procedure, Sec. 1851, providing that costs are allowed of course to plaintiff on a judgment in his favor, in an action to recover money or damages, exclusive of interest, where he recovers over $50.
2.  Tender or payment after suit brought, to be effectual to prevent further costs, must be of the sum due, with costs accrued up to that time, and interest, if interest be due.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Frederick Pape and William Schleiger against the Chauvin-Fant Furniture Company. From a judgment in favor of plaintiffs, but without costs, they appeal. Reversed.

*Mr. John A. Shelton,* for Appellants.

*Mr. Charles O'Donnell,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the Court.

This suit was brought on February 4, 1895, to recover the price of goods, wares and merchandise theretofore sold and delivered to defendant on account by plaintiffs, and various other persons whose several claims were assigned to plaintiffs. From the amended and supplemental complaint it appears that judgment was demanded for $1,398.16. After the issues were made up, and on June 18, 1895, the parties filed in the cause, in the district court, a written stipulation containing the following paragraph: "It is hereby stipulated and agreed by and between the above-named plaintiffs and defendant, that defendant above named has paid, to apply in the above-entitled action upon the demand therein, the sum of $1,095, and that there yet remains unpaid in said action the sum of $6.64, admitted by defendant to be due therein on said demand, but plaintiffs claim a greater sum, which is disputed." This stipulation contained the further agreement that the cause should be continued until the determination by the supreme court of an appeal then pending, which involved the validity of attachment proceedings instituted in this suit at the time it was begun, and that thereupon "the amount due plaintiffs and costs of this action shall be determined according to law." The appeal to this court was prosecuted under the title of *Omaha Upholstering Co.* v. *Chauvin-Fant Furniture Co.*, and the opinion rendered therein is reported in 18 Mont. 468, 45 Pac. 1087. Before the issues were

finally made up in the district court, such proceedings were had in the cause in that court that the present plaintiffs were substituted for the original plaintiff, and the title of the cause was changed accordingly. After the appeal was determined, and on October 22, 1897, the cause, under its present title, came regularly on for trial in the district court, sitting without a jury. Evidence was heard, and the cause submitted, and taken under advisement until May 20, 1898, when the court ordered judgment entered for plaintiffs for the balance of $6.64, admitted to be due under the stipulation, and for costs of suit. On the following day, however, and it seems before the entry of the judgment, the court modified the order and directed judgment entered for the balance found due, but without costs, which was accordingly done. This action was taken in the absence of, and without notice to, plaintiffs' counsel, though he had served upon defendant's counsel and filed with the clerk a memorandum of his costs and disbursements claimed, as required by Section 1867 of the Code of Civil Procedure. The cause is brought here on appeal from the judgment.

Several errors are assigned and argued in the brief filed by appellants, but upon the hearing the only question urged upon our attention and submitted for decision was whether the district court erred in refusing to include in the judgment plaintiffs' costs and disbursements in the district court.

The court made no formal findings, but the judgment as entered contains the findings· "that the said defendant herein has paid to the plaintiffs named in the amended and supplemental complaint on file herein the sum of $1,095, to apply on the causes of action set forth in the said amended and supplemental complaint, which said payment was made after the commencement of this action, and after the filing of the said amended and supplemental complaint; and the court further finds that the further sum of $6.64 is due by the defendant to the said plaintiffs, and the court finds for the plaintiffs and against the defendant, in the sum of $6.64, and costs of suit." So far as we can judge upon the record before us, but for the

payment made after the beginning of the action the plaintiffs would have been entitled to recover judgment for $1,101.64. Under the circumstances, we think it was error to disallow plaintiffs their costs. Section 1851 of the Code of Civil Procedure provides: "Costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases:

\* \* \* (3) In an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over fifty dollars." The rule of law as to tender after suit brought is that, to be effectual to prevent further costs, it must be of the sum due, with costs accrued up to that time, and interest, if interest be due. In the absence of such a tender, the defendant may offer to allow judgment against him, under the provisions of Section 1800 of the Code of Civil Procedure. In the latter case the judgment, as in case of a tender, must include costs up to the time of making it. So, in case of payment after suit begun, the plaintiff is entitled to costs accrued up to the date of payment, unless he stipulates to the contrary.

Under the stipulation which was introduced, the balance due, after payment of the sum of $1,095, was to be determined according to law; that is, by a trial. The costs were to abide the issue, whether the balance was greater than that admitted. No offer was then or afterwards made to allow judgment for that amount. Had this been done conformably to the provisions of Section 1800, *supra,* an acceptance of it would not have relieved the defendant from costs already accrued, but its rejection would have excused him from the payment of those subsequently accruing. As it is, we think the plaintiffs were entitled, as a matter of course, to have judgment for all costs and disbursements lawfully taxable up to and including the entry of judgment.

The cause is remanded to the district court, with directions to set aside and vacate the judgment entered on May 21, 1898, and to render and cause to be entered a judgment in favor of plaintiffs for $6.64, the balance found due, together with costs to be ascertained or taxed according to law.

*Remanded.*