CLARK, County Clerk, v. BRAMEL, District Judge.

No. 3566.   Decided November 1, 1920.   (192 Pac. 1111.)

1. CERTIORARI—APPLICATION FOR PROHIBITION TREATED AS ONE FOR WRIT OF REVIEW, WHERE FACTS ADMITTED. The facts all being admitted, the Supreme Court may treat application for writ of prohibition against the judge of the district court of a county as one for writ of review, under Comp. Laws 1917, sections 7376, 7377.[1]

2. ELECTIONS—DISTRICT COURT HAD NO JURISDICTION TO ORDER CORRECTION OF BALLOTS BY ELECTION JUDGES, INSTEAD OF COUNTY CLERK. The district court exceeded its jurisdiction or authority, under Comp. Laws 1917, section 2108, in ordering correction of the name of a candidate on the ballots to be made by the election judges, instead of the county clerk, though it was physically impossible for the clerk to make correction of the ballots within time to deliver them to the election judges on or before noon of the day preceding election, as required by statute.

3. ELECTIONS—IMPOSSIBILITY THAT COUNTY CLERK CORRECT BALLOTS MISNAMING CANDIDATE NOT PREJUDICIAL TO HER. In view of Comp. Laws 1917, section 2113, requiring that all provisions of the election laws shall be liberally construed, where correction of ballots misnaming a candidate cannot be made by the county clerk, or under his immediate supervision, in time for their delivery to the election judges on or before noon of the day preceding election, as required by statute, no prejudice can result to the candidate misnamed from the ballots being cast in their incorrect form, as ballots cast for her may be counted for her despite the misnomer.

Application by John E. Clark, County Clerk, for writ of prohibition against *William H. Bramel*, Judge of the District Court of Salt Lake County.

1 *Hoffman* v. *Lewis*, 31 Utah, 179, 87 Pac. 167.

ORDER OF DISTRICT COURT SET ASIDE AND ANNULLED.

*D. A. Skeen, of* Salt Lake City, for plaintiff.

*Dana T. Smith,* of Salt Lake City, for defendant.

PER CURIAM.

This is an application by the plaintiff against the defendant for a writ of prohibition. In view of the facts stated in the application and of the relief sought therein, we shall treat the application as one for a writ of review, under Comp. Laws Utah 1917, sections 7376, 7377, rather than one for a writ of prohibition. The facts all being admitted, we may, under the authority of *Hoffman* v. *Lewis,* 31 Utah, 179, 87 Pac. 167, treat the application as one for a writ of review.

An original application was made to said district court to correct the name of one Lillian Cutler on the official ballot, who is a candidate for the office of county recorder, by substituting her true name of "Lillian" in place of the name of "Minnie," which latter name was erroneously certified to the county clerk and therefore erroneously printed on the official ballot. The application in the district court was based on Comp. Laws Utah 1917, section 2108, which reads as follows

"Whenever it shall appear by affidavit of a candidate or his agent that an error or omission has occurred in the publication of the names or description of the candidates nominated for office or in the printing of sample or official ballots, the district court, or judge, thereof, either in term time or in vacation, may, upon petition of such candidate or his agent, by order require the county clerk, city recorder, or town clerk, charged with the duty in respect to which an error or omission has occurred, to forthwith correct such error or show cause why such error should not be corrected. * * * "

Pursuant to said application, the district court made the following order:

"Ordered that John E. Clark, county clerk of Salt Lake county,

state of Utah, be and he is hereby authorized and directed to correct said error, by causing all the judges of election in the several voting districts of said Salt Lake County to strike out the word 'Minnie' and insert the word 'Lillian' before the name 'Cutler' upon all official ballots, so that the correct name of said petitioner may appear as candidate of the Republican party for county recorder on the ticket of said party in the said official ballot, before delivering said official ballot to the respective voters at the general election to be held on the second day of November, 1920; petitioner to furnish printed or mimeographed copies of order for clerk and to furnish same within two hours from now, i. e., before 4:30 p. m. October 29, 1920, and to furnish rubber stamps; and it is further

"Ordered that said county clerk cause a copy of this order to be placed in a conspicuous place on the election supplies and delivered to at least one of the election judges in each of the election districts in Salt Lake county, Utah."

The applicant contends that the district court exceeded its jurisdiction or authority in making the foregoing order, in that it directs the correction on the official ballot to be made by the judges of election, whereas the statute requires that the county clerk shall make such correction. To our minds there is much force to the contention. In justice to the district judge, however, it should be       2 stated that the order was made in its present form for the reason that in view that the election is to be held on next Tuesday, or within four days from the time the order was made, and in view that the official ballots and election supplies under our statute must, by the county clerk, be delivered to the election judges in the several election districts on or before noon of the day preceding the day of election, and that there are nearly 200 election districts in Salt Lake county, including Salt Lake City, requiring the distribution of upwards of 100,000 official ballots, it was physically impossible for the clerk to make the correction of the ballots within the time to deliver them as required by the statute. The court therefore ordered the correction to be made by the election judges. The statute, as we read it, does not authorize the court to make such an order. No doubt the order was made by the court in that form, so that the candidate for county recorder should not be prejudiced. In our view,

however, in view that the correction cannot be made by the county clerk, or under his immediate supervision, no prejudice can result to the candidate, although the ballots are cast in their present form.   Our statute (Comp.   **3** Laws Utah 1917, section 2113) expressly requires that all the provisions of the election laws shall be liberally construed, so as to carry out the intent of the law and of the political parties and nominees.   If, therefore, there is not sufficient time to make the correction in the ballot before election day, there is no reason why such ballot should not be counted for the proper person for whom it was intended to be cast, although there may be some mistake in the name. In our judgment, therefore, there is more danger in permitting the several hundred election judges to attempt a correction on this ballot, and the candidate would be exposed to a greater risk or prejudice by permitting that than by permitting the ballots to be counted for the real person intended although the name is erroneously printed on the ballot.

We are therefore constrained to hold that the court exceeded its authority in directing the correction to be made by the election judges.   In view that the order was made by the district court on the theory that it was "practically impossible" for the corrections to be made by the county clerk, all of which is conceded by counsel for the candidate, and in view that the correction cannot now be made by the county clerk as contemplated by the statute, the order of the district court should be, and it accordingly is, set aside and annulled, without cost.