## HILTON BROS. MOTOR CO. v. DISTRICT COURT IN AND FOR MILLARD COUNTY et al.

No. 4972.   Decided October 10, 1933.   (25 P. [2d] 595.)

*A. L. Larsen,* of San Bernardino, Cal., and *Tangren & Crafts,* of Delta, for plaintiff.

*Claude F. Baker,* of Eureka, for defendants.

ELIAS HANSEN, Justice.

Plaintiff applied for and was granted a writ of certiorari for the purpose of enabling this court to review an order made by the district court of Millard county, Utah. The writ directed the district court and Le Roy H. Cox, the judge thereof, to certify and send to this court a transcript of the record and proceedings in that certain action pending before that court wherein Hilton Brothers Motor Company, a corporation, plaintiff herein, was plaintiff and C. R. Kelsey and others were defendants. The writ also directed that further proceedings be stayed in that cause until the further order of this court. The proceeding which is here brought in question is an order releasing certain personal property from attachment in a cause pending in the defendant court. The averments of the affidavit filed in this court in support of the application for the writ and the record which has been certified to this court pursuant to the writ show that the following proceedings were had in the court below. The plaintiff herein brought an action in the district court of Millard county, Utah, to recover a money judgment upon a promissory note alleged to have been executed by C. R. Kelsey, Aubra Twitchell, and Gerald O. Sprouse, who were made defendants in that action. On the same day the complaint was filed in that cause, plaintiff also filed in the cause an affidavit and an undertaking for attachment, both of which were in proper form. The grounds relied upon for the issuance of the attachment, as averred in the affidavit, were "that the said defendants are

about to depart from the State of Utah and have sold, assigned and disposed of and are about to sell, assign and dispose of their property with intent to defraud their creditors." Upon the filing of the affidavit and undertaking above mentioned, plaintiff secured a writ of attachment, in the cause, which writ was placed in the hands of the sheriff of Millard county, Utah. Pursuant to the writ the sheriff attached personal property alleged to belong to the defendant Gerald O. Sprouse. The personal property so attached by the sheriff consisted of various articles of household furniture and furnishings, farm implements and tools, two horses and a colt. After the personal property was attached Flora Sprouse presented to the defendant Judge Le Roy H. Cox at Nephi, Juab county, Utah, an affidavit wherein she in substance averred: That she was the wife of the defendant Gerald O. Sprouse who had abandoned herself and her two minor children who resided and for two years last past had resided on a farm near Abraham in Millard county, Utah; that the property which had theretofore been attached by the sheriff of Millard county, Utah, belonged to the affiant and that the same was exempt from execution, and that she claimed such exemption. She prayed that the property be released from the attachment. Upon the presentation of the affidavit and without notice to the plaintiff, Judge Cox made an order directing the sheriff of Millard county to "forthwith and without delay immediately restore to Flora Sprouse, at her residence at or near Abraham, Utah, all the property attached in said cause, and pay to her all money heretofore attached in said cause, said articles and the proceeds of said articles being all of the property attached and sold on said farm where Flora Sprouse resides at or near Abraham, Utah, excepting only the following articles, to-wit: 1 colt and 1 pump."

In this proceeding plaintiff complains of the order so releasing the attached property and seeks to have such order vacated. It is contended that the court below was without jurisdiction to make the order, and that plaintiff

is without remedy to correct the error by appeal. The defendant court and judge thereof have moved to quash the writ of certiorari heretofore issued, upon the grounds: (1) That the affidavit for the writ does not allege sufficient facts to entitle plaintiff to the writ, and (2) that the real parties in interest, namely, Gerald O. Sprouse and Flora Sprouse, are not made parties to the writ. In support of the claim that the affidavit for the writ is fatally defective, is is urged: (1) That plaintiff does not allege in its affidavit that the property released was not exempt from attachment, and (2) that the affiant failed to allege facts which show that plaintiff is without an adequate and sufficient remedy by appeal.

The functions of a writ of certiorari are limited to a review of proceedings wherein it is claimed that "an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court or judge, any plain, speedy, and adequate remedy." Comp. Laws Utah 1917, § 7377. The writ of certiorari is not designed to assume the functions of a suit in equity or an action at law. We may not in this proceeding try the question of whether the property here involved belonged to the defendant Sprouse or his wife. Neither may we assume the functions of the trial court and proceed to determine whether the attached property is or is not exempt. These are questions for the court below to determine in a proper proceeding brought for that purpose. If, as is urged by defendant, it is necessary for plaintiff to allege that the attached property was subject to attachment, then likewise if such allegation were denied it would be necessary for this court to try out that issue. Such an issue may not properly be tried on certiorari.

When the property was levied upon pursuant to the writ of attachment plaintiff acquired an inchoate or contingent lien or interest in the property attached. 6 C. J. 266, § 520.

To attempt to divest plaintiff of such lien or interest without notice and an opportunity to be heard constituted a taking of its property without due process of law. *Cox* v. *Dixie Power Co.* (Utah) 16 P. (2d) 916. To the same effect are *Cupit* v. *Park City Bank,* 10 Utah 294, 37 P. 564; *Id.,* 11 Utah, 427, 40 P. 707. Our statute, Comp. Laws Utah 1917, §§ 6724-6727, provides for the procedure to be followed when a party claiming an interest in attached property seeks the release thereof. No notice having been given to the plaintiff of the application to release the attached property, the court below was without jurisdiction to make the order complained of.

There is a conflict in the authorities as to whether or not an appeal may be had from an order releasing property from an attachment. It has been held in this jurisdiction that an appeal lies from an order vacating garnishment proceedings when jurisdiction of the person of the defendant had not been had at the time such order was made. *Bristol* v. *Brent,* 35 Utah 213, 99 P. 1000. A number of cases and authorities dealing with the question of whether or not an appeal lies from an order dissolving a writ of attachment or garnishment are collected and discussed in that case.

This case differs from the case of *Bristol* v. *Brent,* supra, in that in this case summons was had upon the defendant Sprouse before the order was made dissolving the writ of attachment. What effect, if any, the fact that jurisdiction was acquired of the person of the defendant Sprouse before the making of the order complained of in the instant case need not be determined in this case. We do not now decide that question. The fact that an order or judgment is appealable does not necessarily preclude this court from reviewing such order or judgment on certiorari, especially where, as in the instant case, the time in which an appeal may be taken has lapsed since the writ was issued. *Rohwer* v. *District Court,* 41 Utah 279, 125 P.

671; *Herald-Republican Pub. Co.* v. *Lewis, Judge*, 42 Utah 188, 129 P. 624.

It is said in the case of *Harris* v. *Barker, Judge* (Utah) 12 P. (2d) 577, 578, that: ∎

"Technically the only necessary parties to mandamus proceedings are the plaintiff who asserts the right to have the act done and the defendant upon whom rests the duty of performance. However, the practice is usual and proper to bring in all parties or other persons who are liable to be affected by the judgment, in order that they may have opportunity to be heard in their own behalf. 5 Bancroft, Code Practice & Remedies, 5168; 18 R. C. L. 330."

What is there said with respect to a writ of mandamus applies equally to a writ of certiorari. The writ in the instant case should not fail because Mr. and Mrs. Sprouse were not made parties, especially in light of the fact that Mrs. Sprouse made no appearance whatsoever in the cause, except to present her affidavit to the judge when she applied for the release of the attached property. Her affidavit is made a part of the record which has been certified to this court, but so far as appears the affidavit was not filed in the court below. Mr. Sprouse has made no claim to the attached property, nor does he claim that the property is exempt from attachment.

From what has been said it follows that the order directing the sheriff of Millard county to deliver the attached property to Mrs. Sprouse should be, and it accordingly is, annulled. This cause is remanded to the district court of Millard county for such further proceedings as may be deemed proper, not inconsistent with the views herein expressed. No costs will be allowed either party.

STRAUP, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

MOFFAT, Justice (concurring).

I concur in the opinion of Mr. Justice HANSEN in so far as it holds that the court below was without jurisdiction to make the order complained of.

It is provided by the statute that "The writ of certiorari may be denominated the writ of review." Comp. Laws Utah 1917, § 7376; *Clark* v. *Bramel,* 57 Utah 146, 192 P. 1111; *Pincock* v. *Kimball,* 64 Utah 4, 228 P. 221.

Section 7377, Comp. Laws Utah 1917 provides that:

"A writ of review may be granted by the supreme court * * * when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court * * * any plain, speedy, and adequate remedy. * * *"

This court at one time held that the office of the common-law writ of review had been enlarged by statute and the decided cases. The limitation was imposed that the examination of the appellate court would not extend to determining a preponderance of the evidence from the record, but would determine whether there was any testimony to justify the judgment or finding of the inferior tribunal. *Gilbert* v. *Board,* 11 Utah 378, 40 P. 264; *Salt Lake City Water, etc., et al.* v. *Salt Lake City et al.,* 24 Utah 282, 67 P. 791. In a later case this court has said, referring to these cases: "If the language found in the cases reported in 11 and 24 Utah * * * is in conflict with the views expressed by the later decisions, and as herein expressed, to that extent those cases must be considered as overruled." *Pincock* v. *Kimball,* 64 Utah 4, 228 P. 221, 223.

Construing section 7383, Comp. Laws Utah 1917, which reads: "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer"—this court in *Pincock* v. *Kimball,* supra, has indicated a difference in the scope of inquiry by this court in examining whether the inferior court or tribunal has in the initial exercise of jurisdiction regularly pursued its powers and has then passed that point and into the field in excess of or beyond its jurisdiction and when the inferior court or tribunal has acted without jurisdiction. In the first instance, the examination of the record

proceeds to the point of determination of the question of the inferior court or tribunal having exceeded its jurisdiction, while in the latter case the examination is halted at the threshold for want of jurisdiction.

In the case of *University of Utah* v. *Industrial Commission,* 64 Utah 273, 229 P. 1103, 1104, Mr. Justice Cherry, speaking for the court, said:

"The obvious purpose of both parties to the proceeding, as disclosed by their respective briefs and arguments, is to obtain a decision of this court as to whether or not the University is an employer within the meaning and subject to the provisions of the Workmen's Compensation Act. But we think this review is ended before that question is reached. Comp. Laws Utah 1917, § 7383, provides that upon a writ of review the review cannot be extended further than to determine whether the inferior tribunal has regularly pursued its authority. The first inquiry is therefore whether or not the Industrial Commission had any jurisdiction or authority in the proceeding before it, to make any order at all. If it be found that no such authority existed, the review is ended, and it is of no consequence whether the order made was abstractly right or wrong."

That there is a right of appeal from an order releasing property from attachment in a proper case I think is the doctrine in this jurisdiction as announced in the case cited by the principal opinion in this case. Whether the plaintiff had a right of appeal in the instant case is another question, and as indicated in the language above quoted this review is ended before the question of the right of an appeal is reached. When the record clearly discloses there is a right of appeal and the parties are before the court, this court may not then allow the writ of review; neither may this court go into the facts for the purpose of determining a disputed question as to whether or not there is a right of appeal, when that right is not clearly disclosed by the record. The inquiry is limited by the Supreme Court to the determination of whether the lower court or tribunal acted without jurisdiction or in excess of jurisdiction. *Hillyard* v. *District Court,* 68 Utah 220, 249 P. 806, and cases cited.