Acquital *v.* Crowell.

## ACQUITAL *et al. vs.* CROWELL *et al.*

Where it appears by the plaintiff's testimony at the trial that there is a non-joinder of persons who should have been made plaintiffs, and a motion for a nonsuit is made on this ground, the court may permit an amendment by adding the name of a co-plaintiff on such terms as may be just.

Where four persons were sued as co-defendants on a joint contract, and the plaintiffs adduced no evidence to establish the joint liability of all, and a motion for a nonsuit was made on this ground, but refused by the court, and judgment was rendered against all the defendants jointly; *Held,* that the judgment was erroneous; but *held* further, that the plaintiffs might have discontinued the suit as against those not shown to be liable, and have proceeded to judgment against those whose liability was established, upon such terms and conditions as should appear to be just.

*It seems,* that where the verdict is clearly contrary to evidence, this court may reverse the judgment on that account.

APPEAL from the superior court of the city of San Francisco. The facts are related in the opinion of the court.

*Gregory Yale,* for plaintiffs.

————, for defendants.

*By the Court*, HASTINGS, Ch. J. This action was instituted in the name of Acquital, complainant, against the defendants, for the recovery of $6709,50 for Sandwich Island potatoes sold to one of the defendants on board of the schooner *Elizabeth*, by sample.

The plaintiffs on the trial having examined several witnesses, closed, and the defendants moved for a nonsuit, on the ground that no evidence had been introduced as to the quantity and value of the potatoes. Whereupon, the plaintiff, Acquital, introduced the following paper in evidence :

" Sold for account of Captain Acquital to Mr. —— McDowell, " two hundred barrels Sandwich Island potatoes, as per sample, " at the rate of eighteen cents per pound, to be taken from the " ship's tackles. The potatoes to be in sound and merchantable " condition. Payment by cash on delivery of potatoes.

(Signed) " ACQUITAL.
" THOMAS McDOWELL.
" E. BOURGEOISE."

The defendants again insisting upon a nonsuit for the reason that the contract was in writing, and there being a non-joinder of parties plaintiffs, and a misjoinder of parties defendants, the plaintiffs were permitted to amend, by adding the name of Bourgeoise as co-plaintiff.

Could the plaintiffs thus amend, and was the variance between the complaint and proof fatal? The 64th sec. of the Practice Act provides that no variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his defense on the merits, and if so proved, the pleadings may be amended on such terms as shall be just.

By the 68th sec., the court may at any time, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding by *adding* or *striking out* the name of any party.

It will be perceived by an examination of the sections of the statute referred to, and other sections of the same statute in relation to amendments, that the plaintiff has the right to amend

so long as he has a substantial cause of action against *one* or several defendants, and is authorized to conform the pleadings to the facts, by order of the court, upon such terms as will not work injustice to the defendant. In this case we think the court did not err in permitting plaintiff to add a co-plaintiff, but the contract seems to have been in writing, and signed by McDowell alone. And there being testimony of several witnesses tending to show that this was an individual transaction, and that McDowell was accustomed to purchase as well on his own account as on account of the firm of " Crowell, McDowell & " Co.," and there being no proof of liability on the part of the other defendants by any act of theirs, or admission, we think a nonsuit should have been ordered as to them, and the jury permitted to pass upon the liability of McDowell alone. The judgment now stands against parties who do not appear to have been connected with the transaction, which is clearly erroneous, and the judgment should be reversed. Besides, it appears that the jury returned a verdict for the full amount claimed, while there was evidence that the potatoes were greatly damaged when delivered. We think the verdict also clearly contrary to the evidence in this respect.

Judgment reversed, and cause remanded.